Jonathan Collins & Son *et al.*, plaintiffs in error, *vs.* Daniel Bullard, defendant in error.

1. As to the counsel fees, this case is identical in principle with that of *Rodgers vs. Hamilton, 49 Georgia Reports, 604,* which rules that the fees are not recoverable.

2. That suit was brought in a court of record for a given cause of action and afterwards dismissed, cannot be proved by parol, where no excuse is shown for not producing better evidence.

3. The verdict may be amended by separating principal and interest, though the jury have dispersed by consent of counsel and with leave of the court, after agreeing upon the verdict and before delivering it into court, the amendment being made when the verdict is returned and read.

Negotiable instruments. Contracts. Attorney. Evidence. Verdict. Amendment. Practice in the Superior Court. Before Judge Hill. Bibb Superior Court. April Term, 1876.

Bullard brought complaint against Collins & Son as acceptors and indorsers, and Collins, Flanders & Company as indorsers, on the following acceptance:

" $1,582 23.          Macon, Georgia, April 5th, 1872.

"Seven months after date please pay to the order of ourselves $1,587 23, for value received in provisions, as an advance on my present growing crop of cotton, all of which ..... hereby promise to deliver to you, at your warehouse, in time to be sold so that the proceeds may be applied, at its maturity, to the payment of this draft. Binding also hereby, my crop of corn, my stock of all kinds, for the full and punctual performance of the above obligation, and the payment of all costs and counsel fees incurred in the premises, and

giving you hereby full and legal control of the same, with power to transfer this lien.

(Signed)            W. B. TARVER & BROTHER.

"To J. Collins & Son, Macon, Ga.

"Accepted 29th April, 1872.

"JONATHAN COLLINS & SON.

"Indorsed:

"W. B. TARVER & BROTHER,

"J. COLLINS & SON,

"COLLINS, FLANDERS & COMPANY."

The defendants pleaded the general issue, payment, and set-off of $327 09, on account of usury paid to plaintiff by defendants.

The evidence showed that the amount due on the face of the draft had been paid, but the attorneys collecting the same applied a portion of such payment to the satisfaction of fees due for making the collection. No legal proceedings were instituted by them. The defendants denied their liability for counsel fees. This presented the main question in the case.

If liable on the draft for counsel fees, defendants relied upon the usury paid plaintiff to defeat a recovery; but, to avoid the statutory bar, it became necessary to show a suit for such usury, in time, in Twiggs superior court, a dismissal of such suit, and a renewal of the same by this plea of set-off, within six months from such dismissal. The suit in Twiggs, and its dismissal, defendants proposed to establish by parol. This the court refused to permit, and defendants excepted.

When the case was submitted to the jury, by consent of counsel, the court instructed them that if they should agree upon a verdict during recess, to seal up the same, deliver it to their foreman, and return it when court re-assembled. Accordingly, when court convened, after the recess, the jury returned the sealed package, which, upon being opened, presented the following verdict:

"We, the jury, find for the plaintiff $122 26 for principal and interest to date."

Collins & Son *et al. vs.* Bullard.

Whereupon the court, over defendants' objection, allowed the verdict to be amended by the jury so as to read as follows: "We, the jury, find for the plaintiff $86 59, being for principal, and $36 45 interest to date."

The defendants moved for a new trial upon the following, among other grounds:

1st. Because the court charged the jury that the acceptors and indorsers were primarily liable on the draft for reasonable counsel fees.

2d. Because the court refused to charge, that the lien for attorneys' fees, was not a good lien under the act of 1866, authorizing liens to secure the payment of money due for provisions, and that such fees were not recoverable in a suit at law for the debt.

3d. Because court erred in rejecting the parol evidence as to the suit for usury in Twiggs, and the dismissal of the same.

4th. Because the court erred in allowing the verdict to be amended in the manner above stated, after it was returned.

The motion was overruled and the defendants excepted.

R. F. LYON ; A. PROUDFIT, for plaintiffs in error.

LANIER & ANDERSON, HILL & HARRIS, for defendant.

BLECKLEY, Judge.

1. In the matter of counsel fees, we find it impossible to distinguish this case, in principle, from that of *Rodgers vs. Hamilton,* 49 *Georgia Reports,* 604. If that case was correctly ruled, the fees are not recoverable.

2. The dismissal of a suit in a court of record is provable by the record. Until it be shown that a transcript cannot be obtained, no inferior evidence is admissible to show the existence of the suit, or what became of it, where these questions are directly in issue, as in the present case.

3. It was not improper to amend the verdict, under the circumstances detailed in the record.

Judgment reversed.