arbitrarily refusing to give him or his counsel a hearing before the jury, who in their general presentments simply reported against his claim on the ground that it was barred. He cannot present his claim before another grand jury until the April term, 1894. It would be inequitable and unjust to require him to pay the judgment, when the county is indebted to him in a larger sum, and in view of the agreement that he should be heard before the grand jury.

PERRY & DEAN, M. L. SMITH, H. THOMPSON and G. K. LOOPER, for plaintiff in error.

---

### MARTIN *v.* OSLIN.

The action being for the conversion of a mule and for the recovery of hire, a verdict finding a specific sum with interest thereon from a date preceding the time of conversion, is contrary to law, both because interest as such is not recoverable in the action, and if it were recoverable, the accrual thereof would begin with the conversion and not before. Irrespective of other grounds of the motion, the court was warranted in granting a new trial for this cause; and inasmuch as the case, on its substantial merits, is by no means clear in behalf of the plaintiff below, the judgment granting a new trial is affirmed.          *Judgment affirmed.*
July 30, 1894.

Trover. Before Judge WELLBORN. Hall superior court. July term, 1893.

F. M. JOHNSON, W. F. FINDLEY and GLENN & MADDOX, for plaintiff.

H. H. PERRY and H. H. DEAN, for defendants.

---

EAST TENN., VA. & GA. RAILWAY CO. *v.* McCLURE.

In view of the fact that the plaintiff, shortly after receiving the injury, joined in a sworn report of the facts, in which it was stated that the occurrence was an accident and that no employee of the company was to blame; and there being abundant evidence that the plaintiff knew the contents of the report and voluntarily took