# WESTERN AND ATLANTIC RAILROAD COMPANY *v.* BROWN.

1. As matter of law, unliquidated demands arising ex delicto do not bear interest; and on a suit to recover the value of property which has been injured or destroyed, the jury can not legally find a given amount for principal with an additional amount as interest.
2. The jury may, in the lawful exercise of their power, add to the value of property destroyed a sum equal to the interest on such value, but such sum must be found and returned as damages, not as interest.
3. In the present case, the question of liability was one for the jury, and their verdict is not against the evidence; the charge of the court did not authorize the rendition of a verdict bearing interest on the principal found; the verdict as corrected expressed the real finding of the jury, and will not, therefore, be disturbed.
4. There was no error in ruling that the plaintiff had the right to open and conclude, notwithstanding the admission made by the defendant, the same not making out a complete prima facie case for the plaintiff.

Argued June 24, — Decided July 21, 1897.

Action for damages. Before Judge Milner. Whitfield superior court. October term, 1896.

Brown sued the railroad company for $500, by reason of the negligent killing of a jennet. The defendant admitted the killing, but denied that the jennet was worth $500 or any other large sum, and denied that the killing was due to any fault or negligence on the part of the defendant or its servants. There was a verdict for the plaintiff for $108.16$\frac{2}{3}$ and costs of suit. A motion for a new trial was overruled, and defendant excepted. The motion alleges, in addition to the general grounds, that the court erred:

In charging: "If you find under the rules given you that the plaintiff is entitled to recover, you will then, in measuring the damage, find from all the testimony what the jennet was worth at the time she was killed; and to this amount you may, if you see fit, add interest up to the present time."

In the following ruling: When the jury returned with their verdict it was substantially in this form: "We, the jury, find for the plaintiff $100 principal, and eight dollars and sixteen and two thirds cents interest." Counsel for plaintiff moved to be allowed to consolidate the two in one lump sum, which the court, over objection of defendant's counsel, allowed done.

In ruling that plaintiff was entitled to the opening and conclusion, defendant's attorneys stating to the court before the argument began that defendant admitted the killing, and the law then implied negligence, which made a prima facie case for recovery.

*Payne & Tye* and *R. J. & J. McCamy*, for plaintiff in error. *Shumate & Maddox*, contra.

LITTLE, J. 1. It is not necessary to cite authorities for the proposition that, as a matter of law, unliquidated demands arising ex delicto do not bear interest. Our Civil Code, § 3800, provides that "In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time till the recovery." This provision applies in a suit for damages for breach of contract; but in cases arising ex delicto for the

value of property destroyed, where the measure of damage is the value of the property, the same reasoning would apply the same rule. *W. & A. R. Co.* v. *McCauley*, 68 *Ga.* 818; *Central R. Co.* v. *Sears*, 66 *Ga.* 499; *Ga. R. Co.* v. *Crawley*, 87 *Ga.* 192. It is understood, of course, that the interest found, if any, can not be returned as interest, because it is not interest; the action is one to recover damages, and the item of interest at the legal worth of money from the time the property was destroyed may, in the discretion of the jury, be added to the value of the property destroyed, in ascertaining and returning an amount sufficient to compensate the plaintiff for the injury sustained.

The cases of *Western & Atlantic Railroad Co.* v. *Young*, 81 *Ga.* 397, and *Ratteree* v. *Chapman*, 79 *Ga.* 574, are not in conflict with this ruling. In the former case it was held, that interest can not be added by the jury in their discretion to discretionary damages awarded by them for a personal injury; and in the latter case, that it may not be added where punitive damages can be allowed. These cases stand for themselves unaffected by the ruling in this, which goes only to the extent that under our law the jury may, in the lawful exercise of their power, add to the value of *property destroyed* a sum equal to the interest on such value; not that they *must*, but *may* in the exercise of their judgment and discretion. Such in effect we understand to have been the charge of the court.

2. The jury evidently misunderstood the charge of the court in respect to the allowance of interest in their finding. The verdict which they returned was irregular, but it evidenced their intention to add interest to the value of the property sued for. Speaking for myself, I think juries should correct their own verdicts in all cases where anything more than form is involved, and the better practice would have been to have declined to have received the verdict as written, instructed the jury fully as to their discretion in adding the legal interest to the value found, and let them have shaped their verdict with this better understanding, so as to include or exclude the interest as they might on further consideration determine. But my brethren are of the opinion that this correction of the ver-

dict by the court simply put the finding in a legal shape and gave proper expression to the conclusions which the jury had reached.   And as in *Collins* v. *Bullard*, 57 *Ga.* 333, this court held that a verdict may be amended by the court, in separating principal from interest, it may not be illogical to rule that the addition of interest to the sum found as damages may be allowed by the court, when the jury have by their verdict expressed a finding of interest.

3. Before the argument of the case began, counsel for defendant admitted the killing of the animal to recover for which the suit was brought, and asked for the opening and conclusion, which was denied.   We think the denial was right. The effect of the admission did not go far enough to shift the burden.   To entitle the plaintiff to recover he must have shown two things: the killing; the value.   The killing being shown, the law would presume negligence; but it would not have presumed a value, as we understand it.   The burden is not shifted until the admissions show a prima facie right to recover, to rebut which the defendant undertakes.   So long as any portion of the burden of making out his case by proof rests on the plaintiff, he is entitled to open and conclude, unless the defendant introduces no evidence.   The admissions here went only half-way the road the plaintiff had to travel before he could reach a stopping-place; the other half proved to be a stony path for him, but he finally passed over it and established that he had done so to the satisfaction of the jury; and there being evidence to sustain their verdict, we will not interfere.          *Judgment affirmed.     All the Justices concurring.*