986.   TIFTON, THOMASVILLE AND GULF RAILWAY
COMPANY *v.* BUTLER *et al.,* survivors.

1. In an action upon breach of contract, where the damages are not liquidated, interest is not recoverable as such; but the jury in their discretion may increase the immediate amount of damages found, by an allowance of interest. This discretion is to be exercised according to the facts and circumstances of each particular case, and is not the right to decide the question of interest by whim or caprice; it is merely the power of determining from the facts proved whether the injury incurred by the complaining party on account of the breach of the contract can, under all the circumstances, be adequately redressed without an allowance of interest, or not.

2. Where the jury find in favor of increasing the damages by an allowance of interest, they should not add interest eo nomine, but should express one gross sum as damages.

(*a*) Verdicts are to have reasonable intendment; and surplusage or immaterial findings may be rejected, in construing them and in entering judgment on them.

(*b*) In an action of the character referred to above, a verdict in the following form: "We, the jury, find for plaintiff $6,265.02 principal, and 7 per cent. interest for 4 years and 4 months, $1,863.68 interest,—$8,128.70 total," is irregular, but not illegal. It will be upheld as a finding for $8,128.70 damages.

3. The court properly admitted in evidence, in corroboration of the plaintiffs' testimony, their books of account.

4. (*a*) Testimony is admissible which tends to prove a fact alleged in the petition, irrespective of the question whether, when admitted, it tends to establish a right to recover or not.

(*b*) Testimony which tends to dispute the facts set up by the defendant as a defense, or to avoid the legal effect of them, is admissible as against the objection that it is irrelevant.

(*c*) Where the question whether a corporation has made a certain contract is in issue, proof that subsequently to the time the contract is alleged to have been made, the executive managing officers of the corporation, by declarations and conduct, recognized the existence of such a contract is admissible.

(*d*) Evidence which tends to establish any part of the plaintiff's case, or to dispute any of the defenses thereto, is admissible as against the objection that it is irrelevant.

5. The evidence sustains the verdict. No error of law sufficient to require a reversal appears in the record.

Action for breach of contract, from city court of Moultrie—Judge McKenzie. January 9, 1903.

Argued March 12,—Decided April 9, 1908.

The facts, so far as the pleadings are concerned, are fully set forth in the prefatory statements to the cases of *Bedgood* v. *Tifton Ry. Co.*, 116 *Ga.* 945 (43 S. E. 257), and *Butler* v. *Tifton Ry. Co.*, 121 *Ga.* 818 (49 S. E. 763). The present transaction is the same one involved in those cases. The petition having been adjudged good as against demurrer, in the decision last cited, the case proceeded to trial, and resulted in a verdict in favor of the plaintiffs. The defendant brings the case to this court on exceptions to the overruling of a motion for a new trial. The further facts necessary to an understanding of the points involved will be stated in the opinion.

*Rosser & Brandon, J. H. Merrill, J. A. Wilkes,* for plaintiff in error. *Shipp & Kline,* contra.

POWELL, J. (After stating the foregoing facts).

1, 2. The action was for unliquidated damages arising from the breach of a contract; and therefore the allowance of interest was governed by the Civil Code, §3800, which provides that "in all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time till the recovery." The plaintiffs sued for a named sum, with interest from a given time alleged to be the date of the breach; and no demurrer or other objection was filed to this method of asserting the ad damnum. The court charged the jury: "If you should find, from the evidence, in favor of the plaintiff against the defendant, I charge you that it is within your discretion whether you shall give interest on that amount, if you find a certain amount, from the time it was due up until the present time; charging that (if you give interest) you can

not give more than seven per cent., taking into consideration the facts and circumstances, in arriving at the same. If you should find in favor of the plaintiff, the form of your verdict would be, 'We, the jury, find in favor of the plaintiff' so many dollars." The verdict was in the following form: "We, the jury, find for the plaintiff $6,265.02 principal, and 7 per cent. interest for 4 years and 4 months, $1,863.68 interest,—$8,128.70 total." The plaintiff in error contends, that the verdict is illegal, because it finds interest eo nomine, and not as damages; that the charge quoted was erroneous, in that it encroached upon the discretion vested in the jury as to increasing the damages by taking interest into consideration.

Verdicts are to be upheld if capable of legal intendment, and surplusage or immaterial findings included therein may be disregarded; they will be construed in the light of the pleadings, the issues made by the evidence, and the charge of the court. *So. Ry. Co.* v. *Oliver,* 1 *Ga. App.* 734 (58 S. E. 244); *Telfair County* v. *Clements,* 1 *Ga. App.* 437 (57 S. E. 1059), (where the verdict was somewhat similar in form to the one now under consideration); *Schofield* v. *Little,* 2 *Ga. App.* 287 (7), (58 S. E. 666); *Western & Atlantic R. Co.* v. *Brown,* 102 *Ga.* 13 (29 S. E. 130); Civil Code, § 5332. The reasonable intendment to be given this verdict is, that the jury found for the plaintiffs $8,128.70 damages; and that they arrived at this amount by deciding that the amount of immediate damages flowing from the breach of the contract should be increased by an allowance of interest from the date of the filing of the suit till the date of the verdict, and by adding it thereto so as to make the total sum indicated. They might have allowed interest from the time of the breach instead of the date of the filing of the suit, but in their discretion did not see fit to do so. Comparing the charge of the court on the subject with the section of the Civil Code above cited, we think that the one substantially conforms to the other. The allowance of interest as a part of the damages given in such cases is a matter addressed to the discretion of the jury; but we think that this discretion means, not a decision by mere whim or caprice, but a sound legal discretion, determinable by the particular facts of the case. In cases where the wrong can be fully redressed without taking interest into consideration, it would be an abuse of discretion for the jury to al-

13

low it; conversely, in those breaches of contract where monetary loss immediately and necessarily flows to the injured party, usually "nothing less than the actual amount of the loss and the interest thereon will compensate." Sou. Pac. Co. *v.* Arnett, 126 Fed. 75 (61 C. C. A. 131); Missouri Ry. Co. *v.* Truskett, 104 Fed. 728 (44 C. C. A. 179); Wilson *v.* Troy, 135 N. Y. 96 (32 N. E. 44, 18 L. R. A. 449, 31 Am. St. R. 817, and notes). Indeed, in the early case of *Garrard* v. *Dawson, 49 Ga.* 435, it is held, that "where an action was brought against warehousemen for the value of two bales of cotton entrusted to them, which they had failed to deliver on demand, it was not error in the court to charge that the plaintiff was entitled to interest on the value of the cotton from the day of the demand, as a part of his damages, and to refuse to charge that the jury might allow or withhold interest in their discretion." In the case at bar the judge placed no greater limitation on the discretion of the jury than does the Civil Code itself.

3. The plaintiffs' books showing the shipments of lumber were properly admitted in evidence, under the rulings in *Bailey* v. *Barnelly, 23 Ga.* 582, and cit.; and *Bush* v. *Fourcher, 3 Ga. App.* 43 (2), and cit., (59 S. E. 459).

4. Several of the assignments of error in relation to the admission of testimony, and to instructions given and instructions refused, may be considered together, for they all turn upon the decision of the same question. In their petition the plaintiffs alleged, in substance, that in consideration of their purchasing certain timber from the Union Lumber Company, the defendant agreed that it would build a side-track to a mill the plaintiffs expected to locate on the tract of the timber; the plaintiffs in turn promising to ship all the products of the mill over the defendant's railroad. The defendant insists (and it seems to be so) that this contract, if made at all, was of necessity made before the plaintiffs bought the tract of timber, which, as the evidence disclosed, was on November 3, 1899. It was also alleged in the petition, that subsequently to the date named, the defendant frequently promised to build the side-track, and recognized the plaintiffs as bound to ship all their mill cut over its line of railroad, and insisted on strict performance of this part of the contract. The defendant, in addition to denying that it made the contract, and that it had ever recognized it and insisted on performance as

stated above, also set up that even if such a contract was made, the plaintiffs had committed the first breach, in that they failed to ship all their mill cut over the defendant's line and had shipped a part of it over a competing railway, and that this violation of the terms of the contract excused performance. The plaintiffs, in their testimony, admitted that they had shipped two car-loads of lumber over another railway, but said that was because of the failure of the defendant to put in the side-track, and that upon the defendant complaining that this shipment had been made, the parties agreed that thereafter the contract should be abided,— that the defendant would proceed with the laying of the siding, and the plaintiffs would give it all their business. A part of these negotiations was had with Heath, the general manager of the railroad company. It was not shown that he had explicit authority to make such agreements, but the plaintiffs contended, and introduced proof to show, that Hightower, who was the vice-president of the company, and who had unquestioned authority to act, ratified the negotiations made by Heath.

The defendant complains that the court improperly admitted evidence of the conversations and negotiations between the plaintiffs and Heath and Hightower subsequent to November 3, 1899; the specific contention being that the plaintiffs could recover only on the contract, and that these subsequent conversations were irrelevant and tended merely to confuse the issues. These subsequent transactions having been expressly alleged in the petition, evidence thereof is admissible, irrespective of the question whether, when admitted, it tends to establish a right to recover or not. *Kelly* v. *Strouse,* 116 *Ga.* 872 (2), (43 S. E. 280), and cases cited. We think, however, the testimony had a distinct relevancy. In addition to denying the making of the contract, the defendant, under our system which allows contradictory defenses, pleaded a breach of the opposite party, in excuse of its non-performance of the contract, if made. These conversations and dealings of the executive officers of the defendant corporation were admissible to establish the existence of the contract in the first instance. *Imboden* v. *Etowah Co.,* 70 *Ga.* 87; *Dobbins* v. *Pyrolusite Co.,* 75 *Ga.* 450. Also it was admissible for the purpose of showing that the breach of contract pleaded by the defendant had been waived. A plaintiff is not required to file a replication to the answer, and

is permitted, without further pleadings, to introduce proof either in denial or in avoidance of the matters set up as a defense. Civil Code, §§4995, 5067; *Henry* v. *Peters, 5 Ga.* 311.   The testimony as to these subsequent promises was admissible for still another purpose.   We do not think the plaintiffs were bound to rely, for a recovery, upon the establishment of a contract prior to November 3, 1899; we think that under the petition as drawn, even if the plaintiffs failed to show that there was a definite, enforceable, mutual, complete agreement between the parties in the first instance, they could have made a case by proving that the defendant subsequently agreed that if the plaintiffs would quit shipping by any other route and would use only the defendant's line, the side-track should be built for them.   This would have been a mutually binding contract.   Further, if the original agreement, though complete in other respects, was negotiated only with Heath, and if Heath had no authority to bind the defendant, the subsequent conduct of Hightower in recognition of the contract, and his insistence upon the plaintiffs living up to it, would have been such a ratification as to bind the defendant.   We have discussed the admissibility of this testimony, with this fulness as to its different aspects, for the reason that the plaintiff in error has raised these same questions in various forms; and what we have said covers the exceptions to a number of charges which were given, and to a number of requests to charge which were refused.

5.   The record is voluminous and contains a number of other assignments of error; but we do not think that they present questions of sufficient general importance to warrant a detailed discussion of them.   After a careful examination of them all, we find that none of them present any sufficient reason for reversing the judgment.   The trial judge used in his charge some inapt words and phrases; but the ineptitude was not so great as to be likely to mislead the jury or to injure either party.   We have particularly investigated the sufficiency of the proof to sustain the verdict on the question of amount.   Giving the testimony reasonable intendment, and even construing the testimony of the plaintiffs most strongly against themselves, we find that the verdict can be sustained for the full sum found; indeed the evidence as a whole is such that even if the verdict were somewhat larger, we could not interfere.                                 *Judgment affirmed.*