*S. Holderness* and *W. C. Wright,* contra.

---

## MAYOR AND ALDERMEN OF MILLEDGEVILLE v. STEMBRIDGE.

EVANS, P. J. 1. Where a plaintiff sues a municipality for negligently diverting water upon premises used by him as a lumber yard and a place for conducting a business of selling lumber and builder's supplies, and one of the items of damages claimed is a gross sum alleged to have been expended in filling up the ditches caused by the overflow of

water, so that the premises could be restored to the former condition and use, such allegations are not open to special demurrer on the ground that the character of the washes, the necessity for repairs, and the various items of payment should be more specifically stated.

2. Where a municipality constructs a sewer in an open drain in a street, which hitherto has been sufficient to carry off the surface-water, and by reason of the construction of the sewer the surface-water is diverted upon the premises of an owner of abutting property, to the injury and damage thereof, a cause of action arises. *Langley* v. *City Council of Augusta,* 118 *Ga.* 591 (45 S. E. 486, 98 Am. St. R. 133); *Mayor &c. of Albany* v. *Sikes,* 94 *Ga.* 30 (20 S. E. 257, 26 L. R. A. 653, 47 Am. St. R. 132).

3. In actions ex delicto the jury may allow interest as part of the damages. If interest is allowed it is not recoverable eo nomine, and the verdict should express the damages in an aggregate sum. But verdicts are to be given a reasonable intendment; and where the jury return a verdict in an ex delicto action for the plaintiff in "the sum of $200 principal, interest $47.82, making principal and interest $247.82," it will be upheld as a finding for $247.82 damages. *W. & A. R. Co.* v. *Brown,* 102 *Ga.* 13 (29 S. E. 130); *T., T. & G. Ry. Co.* v. *Butler,* 4 *Ga. App.* 191 (60 S. E. 1087).

4. The charge of the court was comprehensive, and fairly submitted the issues, and was not open to any of the criticisms made upon it. The evidence authorized the verdict, which has the approval of the trial judge; and no sufficient reason is made to appear why a new trial should be granted.    *Judgment affirmed. All the Justices concur.*
APRIL 17, 1913.

Action for damages.  Before Judge J. B. Park.  Baldwin superior court.  March 19, 1912.

*Livingston Kenan,* for plaintiff in error.

*Allen & Pottle,* contra.