### DRURY *v.* HOLMES.

BECK, J. In an action of trover, where the plaintiff is entitled to a verdict, it is optional with him whether he will accept an alternative verdict for the property or its value, or whether he will demand a verdict for damages alone, or for the property alone and its hire; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect. So, where in the trial of an action of trover the jury finds in favor of the plaintiff, as was done in this case, awarding him in the verdict a stated sum as principal and a stated sum as interest, the verdict is too uncertain to be upheld, because it is not apparent whether the jury intended to find a verdict for damages with interest or whether the verdict was for the highest proved value of the property and interest. If this was a verdict for damages, interest as such was not allowable, though the jury might have allowed interest from the date of the conversion and added it to the value of the property at that time, returning a verdict for a lump sum which would embrace principal and interest; but if the jury found for the plaintiff the highest proved value as the principal sum awarded by the verdict in this case, then no interest on that amount was allowable. Consequently, the verdict as written can not stand; and it is adjudged that the verdict and judgment be set aside and a new trial be granted, unless within twenty days after the remittitur from this court shall be made the judgment of the court below the plaintiff shall write off from the verdict the amount allowed as interest. Should the plaintiff in the court below write off the interest, the judgment is affirmed. .

*Judgment reversed, with direction. All the Justices concur.*

JULY 14, 1916.

Trover. Before Judge Highsmith. Wayne superior court. June 30, 1915.

*Frank H. Harris* and *John T. Powell,* for plaintiff in error.
*James R. Thomas,* contra.