10408.  AYASH *v.* GEORGIA SHOW-CASE COMPANY.

1. In view of the charge of the court, by which the purpose for which the contract admitted in evidence could be considered by the jury was limited to that of showing title, the introduction of the contract was not cause for a new trial.
2. The charge of the court was not subject to the criticisms urged, and the court did not err in admitting testimony.
3. The case being an action of trover, the verdict for the plaintiff should have been for a lump sum, and not for a stated sum "with interest at 7%." The judgment overruling the defendant's motion for a new

trial is therefore reversed, with direction that it be affirmed if interest be written off by the plaintiff in a specified time.

DECIDED JANUARY 7, 1920.

Trover; from city court of Americus—Judge Harper. January 27, 1919.

Application for certiorari was denied by the Supreme Court.

In the motion for a new trial it is alleged that the court erred in allowing counsel for the plaintiff to read to the jury certain "material evidence," to wit, the "original order-contract" (set out) ; the defendant, when it was offered, objecting "to the reading of said contract as a whole," on the ground "that the contract was admissible only for the purpose of showing title for the purpose of identifying the property, and the court had so admitted the contract, and that it was improper to allow counsel for the plaintiff to read the inadmissible parts of the same to the jury, as the minds of the jury would thereby become prejudiced against defendant."

The verdict was, "We, the jury, find in favor of the plaintiff $1,000 with interest at 7%." One of the grounds of the motion for a new trial is that the verdict and judgment are contrary to law and evidence, and should be set aside, because: (*a*) The verdict is too uncertain, since it is not apparent whether the jury intended to find a verdict for damages with interest, or for the highest proved value of the property and interest; and if for damages, interest is not allowable "as a find in the verdict;" if the principal sum was the highest proved value, no interest was allowable. (*b*) The verdict fails to fix any time from which interest should be calculated, or how interest could be calculated on the principal. (*c*) The judgment entered on the verdict includes $373.35 as interest, besides principal, and there is no way to determine how said interest could have been lawfully calculated and added; and the judgment should not include interest above the principal, except from the date of the verdict.

*Ellis, Webb & Ellis, T. O. Marshall, Moise & Riddell,* for plaintiff in error.

*Shipp & Sheppard,* contra.

LUKE, J. 1. This is the second appearance of this case in this court, and error is assigned again upon the admission in evidence of the contract referred to in the former decision. 17 *Ga. App.* 467 (87 S. E. 689). Upon the trial now under review, however, the court, in charging the jury as to the contract, limited its use

by them as follows: "With reference to the contract, and plans and specifications, including also the supplemental contract of May 28, 1913, which you will find in evidence before you, I charge you that the only purpose for which you would be authorized to consider the contracts and the plans and specifications is with reference to determining where the title to the property is." There is no merit, therefore, in the assignment of error complaining of the introduction of the contract in evidence.

2. The charge of the court is not subject to the criticisms urged, nor did the court err in the admission of testimony.

3. This case being an action of trover and the jury having found in favor of the plaintiff a verdict for a stated sum as principal and interest thereon, the verdict is too uncertain to be upheld. There should have been a verdict for a lump sum. Consequently the verdict as written can not stand; and it is adjudged that the verdict and judgment be set aside and a new trial be granted, unless, within twenty days after the remittitur from this court shall be made the judgment of the court below, the plaintiff shall write off from the verdict and judgment the amount allowed as interest. Should the plaintiff write off the interest, the judgment is affirmed. See *Drury* v. *Holmes*, 145 *Ga.* 558 (89 S. E. 487).

*Judgment reversed, with direction. Broyles, C. J., and Bloodworth, J., concur.*