### 26162. BEAVER *v.* MAGID.

Decided July 3, 1937. On rehearing, July 28, 1937.

*Hammond Johnson, Charles J. Thurmond, Wheeler & Kenyon,* for plaintiff in error.

*Robert Lee Avary Jr., E. C. Brannon,* contra.

Sutton, J. Mrs. Righton H. Magid brought a trover action against Sandy Beaver, to recover certain personal property of the

alleged value of $2555, to which she claimed title. By an amendment she elected to recover a money verdict for the "highest proved value of said property, together with interest thereon at seven per cent. per annum from date of demand." The jury returned a verdict for the plaintiff for $700 principal and $110.25 interest. The defendant filed a motion for new trial on the general grounds, and by amendment added several special grounds which will be dealt with hereinafter. The exception is to the judgment overruling the motion.

■ The general grounds and the first special ground may be considered together. It is urged that there was no evidence which authorized the jury to find the value of the personal property as of December 26, 1934, at which time a written demand was made for the property, or at any time between that date and the date of the trial, August 18, 1936; and that the verdict and judgment are too uncertain to be upheld, because it is not apparent whether the jury intended to find a verdict for damages with interest, or for the highest proved value of the property with interest; and that if the verdict is for damages, interest as such is not recoverable. It is urged, with good reason, that the jury found the value of the property as of May 14, 1934; and it is contended that this was before the time of any demand or conversion, and that the record is without evidence to show the value of any article sued for on any particular date, either before the alleged conversion or at any fixed time thereafter.

An examination of the evidence is necessary to test the correctness of the verdict. It appears that the plaintiff was the owner of certain realty known as the Clarkesville orchard, and that her husband was the president of a corporation which had an option to purchase realty known as the Tallulah orchard, the title to which had been acquired by the defendant under a sheriff's deed; that on December 16, 1930, January 20, 1931, and March 30, 1931, Mrs. Magid borrowed certain sums of money from the defendant, for which she executed and delivered her notes and security deeds; that beginning with the year 1931 and up to May 14, 1934, certain personal property was taken from the Clarkesville orchard to the Tallulah orchard with the consent of Mrs. Magid but without any relinquishment of her claim of title thereto; that subsequently she decided to cancel her indebtedness to the de-

fendant by executing to him a warranty deed to her Clarkesville realty. The deed was prepared by the defendant's counsel, executed on May 14, 1934, and left with him for delivery to the defendant. His counsel testified that the only condition as to delivery was that he' was to hold the deed ninety days, and that if in the meantime the debts were not otherwise paid by Mrs. Magid he was to deliver it to the defendant; that he waited ninety days without payment being made, then had the deed recorded, and delivered it to the defendant. He further testified that it was his understanding that the personal property in question was to pass to the defendant, along with the realty conveyed by the warranty deed, although no mention of any personal property appears in the deed. Louis B. Magid Jr., son of the plaintiff and who represented her in the transaction, testified that he specifically stated that the personal property was not included. Louis B. Magid Sr., husband of the plaintiff, and who was absent at the time of the transaction, testified that in preliminary conversations with the defendant he did not at any time give the defendant "any indication from which he could draw an inference that the personal property was included in the settlement." There was evidence that the defendant, through his employees, was in possession of the property, treating it as his own. In testifying as to the authority of one of his foremen, the defendant stated that he "had authority to handle the equipment on the orchard and do as he pleased." As to the warranty deed of May 14, 1934, when presented to him, he testified: "That was the agreement, that I was to get the equipment—that was my understanding. Mr. Louis B. Magid Sr. negotiated the loan evidenced by these notes, deeds, and sale. I don't think I had any direct negotiations with the plaintiff. At the time I let my money go, and at the time I purchased the property, he represented to me that the equipment formed a part of the property—that was my understanding. It was on that understanding that I let the money go and took those deeds. . . After this contract that you show me here, dated September 7, 1931 [an option agreement whereby Magid of Tallulah, a corporation, might purchase the Tallulah orchard which had been acquired by Beaver under a sheriff's deed], I went into possession."

We think it fairly inferable from the above testimony that the

defendant was claiming the personal property at all times from the first transaction until and including the date of the warranty deed of May 14, 1934, and that he was in possession of the personal property in use on the Tallulah orchard. It is urged by his present counsel, however, that as the deed of May 14, 1934, was "in escrow" with a condition as to waiting ninety days before delivery to the defendant, there could be no absolute delivery until the ninety days had passed, and that consequently no conversion could be said to have taken place on May 14, 1934. The point is not well taken. "A grantor can not deliver a deed to the grantee or his attorney as an escrow. Such a delivery would be equivalent to adding a parol condition to the instrument. To make the deed an escrow, it should be delivered to a third person, to be by him delivered to the grantee upon the performance of any required condition." *Duncan* v. *Pope,* 47 *Ga.* 445 (4). See also *Jordan* v. *Pollock,* 14 *Ga.* 145; *Mays* v. *Shields,* 117 *Ga.* 814 (45 S. E. 68); *Anderson* v. *Goodwin,* 125 *Ga.* 663 (10) (54 S. E. 679); *Morgan* v. *Wolpert,* 164 *Ga.* 462 (139 S. E. 15). With the delivery of the deed of May 14, 1934, to the attorney authorized to receive it for the defendant, title at once passed to the grantee. Whether or not any conversion took place before May 14, 1934, the jury was authorized to find that it took place on that date. Possession of property, with a claim of title adverse to that of the true owner, constitutes conversion. *Maxwell* v. *Harrison,* 8 *Ga.* 61 (52 Am. D. 385); *Young* v. *Durham,* 15 *Ga. App.* 678 (5) (84 S. E. 105). In such circumstances no demand is necessary to constitute conversion. If it be claimed that no demand was made on May 14, 1934, it clearly appears from the evidence that a written demand was made on December 26, 1934, from which date interest might be calculated as damages, in addition to the amount found by the jury to be the value of the property at the time of the conversion. Ordinarily the calculation would be made from the date of conversion, but in the present case the plaintiff is not asking for interest except from the date of demand.

Was the jury authorized to find the value of the property to be $700 as of May 14, 1934? That is the date evidently fixed by the jury as the date of conversion, because the amount allowed as interest in the verdict is such as would be computed from that date to the date of the trial on August 18, 1936. It is true, as

contended by the plaintiff in error, that the evidence does not specifically show the value at that date. But there was evidence as to the value of the property before that date, and the total amount and the nature of the property were such that we can not say that the jury was not authorized to infer from such facts that on May 14, 1934, the property was worth $700. "In arriving at a verdict, the jury, from facts proved, and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved." Code, § 38-123. The personal property in the present case was not of a perishable nature. It consisted of machinery apparently serviceable, mechanical equipment, galvanized pipe, etc. Quite a portion of it was advertised by the defendant himself on May 20, 1936, as "all in good order." On the trial he gave no testimony as to the value, and he produced no evidence substantially contradicting the values set by a witness for the plaintiff, who appeared familiar with the property and the use it performed. The items and values testified to by that witness are as follows: 2 Cushman 4 h. p. gas engines, $175; 1 Fordson tractor, $225; 1 Fordson tractor disc plow, $100; 1 Fordson tractor disc harrow, $175; 2 drag harrows, $40; 2 Triplex spray pumps, $200; 1 Triplex spray pump, $50; 200 apple boxes, $61.25; 10,000 feet galvanized iron pipe, $1000; 2 two-hundred-gallon mixing tanks, $100; 2 apple graders, $80; 1 wagon spray machine, $40; 1 two-horse mowing machine, $60; wheelbarrow, tools, etc., $50; total $2356.25. There was no evidence of the value of the property at any time between the date of conversion and the date of the trial. Some of the property was taken to the Tallulah orchard as early as 1932; some as late as 1934, before the execution of the warranty deed on May 4, 1934. It is not clear whether the values were assigned as of the time the property was taken there, or as of May 14, 1934; but in any event this court can not say that, from the nature of the property and its use, the jury could not reasonably find the value to be $700 on May 14, 1934. See *Sisson* v. *Roberts,* 25 *Ga. App.* 725 (2) (104 S. E. 910), where it was held that evidence of the value of property before the date of delivery to the defendant may be considered by the jury in fixing the value, especially where the defendant does not attempt to show that the value has decreased. In the same connection see

*Gordon* v. *Atlantic Coast Line R. Co., 7 Ga. App.* 355, 356 (66 S. E. 988). In the present case the pipe alone was valued at $1000, and it is common knowledge that such a commodity is of hardy material and serviceable for a long time.

"Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity. Civil Code (1910), § 5927 [Code of 1933, § 110-105]. Verdicts 'should be construed so as to stand if practicable.' *Mayor &c. of Macon* v. *Harris, 75 Ga.* 761 (10). 'The presumptions are in favor of the validity of the verdict of a jury.' *Southern Railway Co.* v. *Oliver, 1 Ga. App.* 734 (5) (58 S. E. 244). Where a verdict is ambiguous and susceptible of two constructions, one of which would uphold it and one of which would defeat it, it 'will not on this account be set aside, but will be given a construction which will uphold it.' *Atlantic & Birmingham Ry. Co.* v. *Brown,* 129 *Ga.* 622 (4) (59 S. E. 278)." *David* v. *Marbut-Williams Lumber Co., 32 Ga. App.* 157, 159 (122 S. E. 906). Accordingly, as the evidence in the present case shows that, in connection with the realty conveyed by the plaintiff to the defendant, the latter retained possession of personal property under a claim of title adverse to that of the plaintiff, the true owner, and refused to surrender the same on demand by the plaintiff, and the evidence showed that the value of the property at the time it was acquired by the defendant was such that the jury would be authorized to find that the value at the time of the conversion was $700, there being no evidence as to the value of the property after the conversion, the verdict in favor of the plaintiff for $700 with interest will be construed to mean that the jury found the value to be $700 at the time of the conversion, rather than at some time between the date of the conversion and the trial. While the plaintiff in error does not assign error on the verdict and judgment on the ground that the finding of the jury was not for a lump sum, or on the ground that the verdict was for separate findings of principal and interest, he does assign error on the ground that "as they stand they are too uncertain to be upheld, because it is not apparent whether the jury intended to find a verdict for damages with interest or whether the verdict was for the highest proved value of the property and interest; and if the verdict is for damages, interest *as such* is not allowable."

(Italics ours.) Except as to that portion, "if the verdict is for damages, interest as such is not allowable," the assignment is without merit, for the reasons given in the foregoing part of this opinion. The last-quoted portion of the ground is, however, well taken. "The plaintiff in an action to recover personal property may elect whether to accept an alternative verdict for the property or its value, or whether to demand a verdict for the damages alone, or for the property alone and its hire, if any; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect." Code, § 107-105. Three choices are thus given the plaintiff, and in the present case the plaintiff elected to proceed for damages. This section does not provide that in such a case more than the value of the property can be obtained as damages, but it has been held by the appellate courts of this State, that, where a money verdict is sought by the plaintiff in a trover action for the value of the property at the time of conversion, the jury may return a verdict which shall also include interest on the value of the property from the date of the conversion to the date of the trial, not in a separate and stated amount as *interest,* but as part of the damages, and to be so included in the lump sum. *Schley* v. *Lyon,* 6 *Ga.* 530, 535; *Tuller* v. *Carter,* 59 *Ga.* 395 (2); *Midville &c. Railroad Co.* v. *Bruhl,* 117 *Ga.* 329 (2) (43 S. E. 717); *Dunn* v. *Young,* 22 *Ga. App.* 17, 19 (95 S. E. 374); *Stapleton* v. *Dismukes,* 43 *Ga. App.* 611, 616 (159 S. E. 768); and many other cases. The plaintiff did not elect to take a verdict for the highest proved value at any time between the date of the conversion and the trial, in which case no additional damages would be allowable; and no evidence was introduced as to the value of the property after the date of the conversion.

In *Sims* v. *Bolton,* 138 *Ga.* 73 (2) (74 S. E. 770), it was held: "In an action for the recovery of personal property, where the plaintiff elected to take a money verdict, and the only evidence as to the value related to the time of conversion, and no evidence as to the value at other times was introduced, it will not require a new trial that the presiding judge charged: 'If you find for the plaintiff, gentlemen of the jury, you would be authorized to find the amount of the proved value of this property. If you find for the plaintiff, you can find the highest or lowest amount, that is a

matter for you to say, with interest from the date of the conversion or the date when the defendants took possession of this property.'" This is authority for the allowance of interest, not as such, but as additional damages, on the highest estimated value of the property; provided that the value found is not based on evidence as to the highest estimated value after the date of conversion. In the present case, there being no evidence as to value after the date of conversion, it would not be improper for the jury to allow interest, that is, the equivalent of interest, as additional damages. The plaintiff in error contends that the verdict is illegal because it allows interest *as such.* In *Tifton &c. Railway Co.* v. *Butler,* 4 *Ga. App.* 191 (2) (60 S. E. 1087), and *Mayor &c. of Milledgeville* v. *Stembridge,* 139 *Ga.* 692 (3) (77 S. E. 1126), it was held that interest "eo nomine" is not recoverable in a trover action. While the decisions of the appellate courts of this State hold that where the plaintiff elects to take a money verdict for the value of the property at the time of the conversion, he may, although it is not provided in the Code section, recover interest at seven per cent. on the value of the property from the date of the conversion to the trial, such an allowance is not to be awarded as *interest* but as additional *damages,* the trover suit being essentially an action ex delicto. The allowance of such additional damages, the equivalent of interest, is predicated on the ground that the plaintiff, having been unlawfully deprived of his property, is entitled to be fully compensated for the wrong inflicted, and the calculation on a basis of interest at seven per cent. is deemed a proper measure for the additional *damages.* But in returning a verdict the jury should find, not separate amounts, principal and interest, but a total or lump sum which represents the two intermediate findings; and it has been held that a verdict which is not so rendered is illegal and can not stand. *Drury* v. *Holmes,* 145 *Ga.* 558 (89 S. E. 487) ; *Ayash* v. *Georgia Show-Case Co.,* 24 *Ga. App.* 661, 663 (101 S. E. 815) ; *Cox* v. *Fairbanks Co.,* 29 *Ga. App.* 538 (6) (116 S. E. 43).

In *Dugas Corporation* v. *Georgia Power Co.,* 43 *Ga. App.* 536 (4) (159 S. E. 592), it was held: "The verdict for the plaintiff 'in the sum of $2000 principal, with interest of $128.26,' is illegal. It should have been for a lump sum and not for principal and interest separately. The judgment overruling the motion for a

new trial is therefore reversed, with direction." An examination of the original record in that case discloses that the motion for new trial did not contain a ground that the verdict rendered was not in a lump sum, or that interest eo nomine was not allowable, and the opinion does not indicate that the ruling was based on such a ground. The court reversed the judgment of the trial court, with direction, providing that if the interest in the verdict was written off the judgment should stand affirmed, holding that the record showed title to be in the plaintiff, a conversion by the defendant, and that the value of the property was shown; but the question of interest, or the form of the verdict, not having been raised by any assignment of error, the ruling there made can not be treated otherwise than as obiter. In *Stapleton* v. *Dismukes,* 43 *Ga. App.* 611 (159 S. E. 768), the jury returned a verdict with separate findings of principal and interest, instead of a lump sum. No contention being made that the "interest" recoverable should have been embraced in a lump sum, the court did not find any reversible error on that possible ground, or on other issues in fact raised, and affirmed the judgment of the trial court. In that case there is an intimation that the judge who wrote the opinion did not consider illegal a verdict rendered with separate findings of principal and interest, because the question is there asked: "But even so, how could the defendant have been harmed by the separate finding of principal and interest? *Mayor &c. of Milledgeville* v. *Stembridge,* 139 *Ga.* 692 (3) (78 S. E. 35); *Tifton, Thomasville &c. Ry. Co.* v. *Butler,* 4 *Ga. App.* 191 (2) (60 S. E. 1087)." In each of the two cited cases a verdict was returned with separate findings of principal and interest, but the lump sum was also shown; and the verdicts were upheld as a finding for damages in the total sum stated, the separate findings of principal and interest evidently being treated as surplusage. In *Dunn* v. *Young,* supra, the verdict was for $575 principal and $32.08 "interest." The motion for new trial presented the contention that there was no evidence showing that the value found was the proved value or the highest proved value from the date of conversion, but that the evidence showed only that $575 represented the original price paid by the plaintiff for the property subsequently converted. This court held the contention to be without foundation, and sustained the judgment entered, after the rendition of

the verdict, in the form mentioned. Whether the judgment was reversible if there had been a ground in the motion for new trial that the verdict was not returned in a lump sum, or that interest was allowed eo nomine, it was not necessary to decide. In *Martin* v. *Oslin,* 94 *Ga.* 658 (19 S. E. 988), the action was for the conversion of a mule and for its hire; and it was held that the verdict finding a specific sum with interest thereon from a date preceding the time of the conversion was contrary to law, both because interest as such was not allowable in that action, and, if it were recoverable, the accrual thereof would begin with the conversion, and not before. In *O'Neill Manufacturing Co.* v. *Woodley,* 118 *Ga.* 114 (44 S. E. 980), the action was for recovery of two mules and their hire, no interest being sued for in the action. The last two cases, cited and relied on by the plaintiff in error, are distinguishable, and are not authority for the question to be determined in the case at bar.

By a study of the different trover cases, it will be seen that while the equivalent of interest at seven per cent. on the value of the property at the time of the conversion may be allowed as additional *damages,* it can not be allowed when expressed in a verdict as *interest* in a separate amount, if properly excepted to, unless the verdict, in addition to finding principal and interest in stated amounts, fixes a total or lump sum for the two, in which event it may be upheld, the two separate findings being considered as surplusage. It follows that the verdict in the present case, in so far as the interest is concerned, is illegal; but, as hereinafter stated, the judgment is being affirmed on condition that the interest be written off, though otherwise it is to stand reversed.

■ Error is assigned on the charge of the court, that "if the defendant, Sandy Beaver, obtained possession of property belonging to the plaintiff, Mrs. Magid, and converted the same to his own use, then Mrs. Magid would be entitled to recover in this case the value of such property together with interest thereon from the date of the conversion;" it being contended that the plaintiff having elected to take a money verdict for the highest proved value of the property she was not entitled to recover interest as such, and that the charge to this effect was contrary to law. The court did not charge that the plaintiff was entitled to interest *as such,* and the language is not subject to the objection. It is further

urged that there was no evidence as to value as of December 26, 1934, when the demand was made for the personal property, or at any date subsequent thereto, and that the charge was without evidence to support it and was in no way adjusted to the pleadings and the evidence. As shown hereinbefore, the date of the conversion was May 14, 1934, and the date of the demand was December 26, 1934, interest being asked only from the latter date, and there was evidence as to the value before the date of the conversion; from which the jury could infer the value of the property at the time of the conversion, and there was no evidence as to value after the conversion. The charge was not error for the reason assigned. It is also urged that the charge was error because the evidence fixed no value at any date when the defendant could be held liable for the value of the property. This objection has been answered in the foregoing discussion.

■ Error is assigned on the charge: "If you find from the evidence, and under the law that the court has given you in charge, that the plaintiff is entitled to recover, she would be entitled to recover the value of such property, if any, that was converted by the defendant, if any was converted, together with interest thereon at the rate of seven per cent. per annum from the date of the conversion, if there was a conversion; and in that event the form of your verdict would be, 'We, the jury, find for the plaintiff so many dollars principal and so many dollars interest,'" it is contended that as the plaintiff elected to take the highest proved value of the property, she was not entitled to interest, and, the verdict showing that the jury fixed the value at a time prior to any demand or conversion, that the verdict and judgment are contrary to law, there being no evidence fixing the value of the property as of any particular time. For the reasons stated in the foregoing part of this opinion, the charge was not error for the reasons given by the plaintiff in error; but the form of the verdict given by the court was incorrect. The court should have instructed the jury that they should return a verdict in a lump sum as damages.

■ The ground of the motion for new trial which complains that the court erred in requiring the defendant to testify, over objection, that he advertised for sale, after the filing of the trover action, certain items of the property in dispute, is without merit,

inasmuch as it is shown by the record that a copy of the advertisement was later admitted in evidence without objection; and consequently the defendant can not be said to have been harmed.

■ The verdict as written can not stand; but the judgment is affirmed, with direction that within ten days after the remittitur from this court is made the judgment of the trial court the plaintiff write off the entire amount of interest from the verdict and judgment; otherwise the judgment shall stand reversed. A judgment of affirmance was rendered in the present case, together with a syllabus opinion, under date of July 3, 1937. On motion for rehearing, the former judgment has been vacated, and the present judgment and opinion substituted therefor.

*Judgment affirmed, with direction. Stephens, P. J., concurs specially. Felton, J., dissents.*

STEPHENS, P. J. I concur in the proposition that the verdict, in so far as it is a finding for the plaintiff for $700 principal, is legally authorized, and that no error appears. I do not concur in the proposition that the verdict wherein it finds an amount, to wit $110.25, as interest, is an illegal verdict, and that the interest for that reason should be written off, or the judgment overruling the defendant's motion for a new trial should be reversed. I agree to the proposition that in cases of unliquidated damages, such as is this case, the jury should not find interest as such; but since the jury in this case was authorized to find the value of the property at the time of the conversion, together with interest from that date, and since this is what the jury did, although the two amounts should have been aggregated in the verdict, I am of the opinion that the verdict is not invalid merely because these two amounts were found separately and not in the aggregate. *Western & Atlantic R. Co.* v. *Brown,* 102 *Ga.* 13 (29 S. E. 130); *Mayor &c. of Milledgeville* v. *Stembridge,* 139 *Ga.* 692 (3) (78 S. E. 35); *Tifton, Thomasville & Gulf R. Co.* v. *Butler,* 4 *Ga. App.* 191 (2 *b*) (60 S. E. 1087); *Stapleton* v. *Dismukes,* 43 *Ga. App.* 611, 616 (159 S. E. 768). I am of the opinion that no error appears, and that the verdict as rendered in which interest as such is found, subject perhaps to a reduction in the interest so as to represent interest only from the date of the demand as prayed for by the plaintiff, is legally authorized and should be sustained. Since I am of the opinion that no error appears, and that the

286

verdict as rendered, in which interest as such is found, is not unauthorized for this reason, and since the greater includes the less, I am certainly of the opinion that the verdict, in so far as it finds an amount as principal, with the interest written off, is legally authorized. I therefore concur in the judgment that should the plaintiff write off the amount found as interest, the judgment overruling the motion for new trial should be affirmed. I do not concur in the judgment that if the plaintiff fails to write off the interest the judgment shall stand reversed.

FELTON, J., dissenting. It does not appear that Beaver claimed the property as his own at the time of the trial. Therefore it was necessary, in my opinion, for the plaintiff to prove a conversion. This she sought to do by proof of demand and refusal. There was no evidence as to the value of the property at the time of the conversion or thereafter. There was evidence of the value of the various articles at various times before the conversion, and many of these dates were so far before the date of the demand that it was impossible for a jury intelligently to arrive at a value as of any particular time between the demand and the time of the trial. The amount of interest computed by the jury shows that the value of the property was found as of a time previous to the demand; for which reason I also think the verdict is illegal. Furthermore, I agree with the principles of law as stated by Judge Sutton that interest as such, as expressed in the verdict in this case, is not allowable.