### 33523. SMITH *v.* CLAYTON.

DECIDED APRIL 25, 1951.

*J. T. Thomasson,* for plaintiff in error.

*Wyatt, Morgan & Sumner,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The sole contention of the plaintiff in error is that the verdict is illegal because it finds against the defendant for principal and interest in separate amounts. If this contention were sustained the effect would be, not to reverse the case unconditionally for a new trial, but to condition an affirmance upon the writing off of the amount found as interest. See *Stephens* v. *Wilson,* 58 *Ga. App.* 24 (197 S. E. 350); *Adams* v. *Webb,* 72 *Ga. App.* 66 (32 S. E. 2d, 922); *Ayash* v. *Georgia Show Case Co.,* 24 *Ga. App.* 661 (101 S. E. 815); *Drury* v. *Holmes,* 145 *Ga.* 558 (89 S. E. 487). These cases also hold that while interest is allowable as an element of damage when the plaintiff elects a money verdict based on the value of the personalty as of the date of conversion, nevertheless, interest is not to be awarded *eo nomine* (the trover action being *ex delicto*) but may be computed by the jury at the legal rate and considered in arriving at the total damages assessed. These cases, and others cited therein, hold that where the jury returns a verdict containing one sum as damages and another as interest *eo nomine* the interest should be written off. This is only true, however, where there is a special assignment of error attacking the form of the verdict, as it is a defect which goes to form only. In the instant case, had the verdict been for $1636.58 as stated in the judgment instead of for its equivalent, "$1485.00 with interest at 7% per annum since June 13, 1949" it would have been a good verdict, for the reason that the only evidence as to value introduced was the value of the automobile on the date of conversion. See *O'Neill Mfg. Co.* v. *Woodley,* 118 *Ga.* 114 (1) (44 S. E. 980).

A special assignment of error on the form of a verdict which enters up principal and interest separately is necessary for this court to consider whether or not the form of such verdict is proper, and any decision of the appellate courts based on this point, in which the record shows that no such assignment of error was in fact made, is obiter. See *Beaver* v. *Magid,* 56 *Ga. App.* 272, 282, 283 (192 S. E. 497). The general rule is as fol-

lows: "The point that the verdict should have specified the damages in solido, instead of finding a designated sum with interest thereon, cannot be raised under the general ground that the verdict is contrary to law and contrary to the evidence." *Ætna Insurance Co.* v. *Peavy,* 9 *Ga. App.* 759 (72 S. E. 300); *Scott* v. *Davis,* 22 *Ga. App.* 32 (2) (95 S. E. 332).

The evidence showing the value of the automobile to be that fixed by the verdict on the date of conversion, it cannot be said that it fails to support the verdict, which is the only question that can be raised by the general grounds of the motion for a new trial in this court. Since the general grounds are not argued except in regard to this contention, and they are not sufficient to invoke a ruling upon it, the judgment of the trial court overruling the motion for a new trial must be

*Affirmed. MacIntyre, P.J., and Gardner, J., concur.*