WILLIAM H. TULLER, plaintiff in error, *vs.* ALEXANDER C. CARTER, defendant in error.

1. Where the plaintiff in trover elects to take an alternative verdict, as provided for by § 3564 of the Code, the defendant has the right to rely upon such a verdict being rendered as may be discharged by the return of the property sued for, and a charge of the court limiting the finding to the value of the property, with interest, was error.
2. The rule as to damages is this: where the plaintiff is content to recover the value of the property at the time of its conversion, and proves its value at that date only, he will be entitled to interest to the time of the trial; but if he introduces testimony to show its highest value between the conversion and the trial, the measure of damages will be such value without interest.

Trover. Damages. Before Judge PEEPLES. Fulton Superior Court. October Term, 1876.

Reported in the decision.

E. F. HOGE, for plaintiff in error.

D. F. & W. R. HAMMOND, for defendant. .

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover the possession of eleven large diamonds, of the alleged value of one hundred and fifty dollars each, which the plaintiff alleged the defendant had converted to his own use. At the trial, before submitting the case to the jury, the plaintiff elected to take an alternative verdict in damages, to be discharged on delivery of the property sued for, as provided by the 3564th section of the Code. The jury, under the charge of the court, found a verdict for the plaintiff for the sum of $610.00. The defendant made a motion for a new trial on the several grounds therein stated, which was overruled by the court, and the defendant excepted.

1. The court charged the jury, amongst other things, that "if the plaintiff has satisfied you of his right to recover, you will find the proven value of the property sued for at the time of conversion, and add to it interest on the same at seven per cent., and this, when added together, will be the amount of the plaintiff's recovery." This charge of the court was error. By the 3564th section of the Code, it is declared, that "It shall be at the option of the plaintiff, in an action to recover personal property, to say, upon the trial thereof, whether he will accept an alternative verdict for the property or its value, or whether he will demand a verdict for the damages alone, or for the property alone, and its hire, if any; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect." The 3563d section of the Code further declares that, "In an action of trover, the verdict may be in the alternative— that is, it must be for the value of the property sued for, which may be discharged by the return of the property within a given time specified in the verdict." In this case, the plaintiff elected to take an alternative verdict, and the court should have so instructed the jury as required by the

3564th section of the Code, before cited. The defendant may have desired to return the property sued for, and for that reason may not have contested the value of the property as he might have done. When the plaintiff, at the commencement of the trial, gave notice of his election to take an alternative verdict, the defendant had the right to rely upon the court to instruct the jury as the law required it to do upon that point in the case, and give him the right to discharge the verdict by the return of the property sued for. This the court did not do, but, on the contrary, instructed the jury to return a different verdict, which the defendant could not discharge by a return of the property sued for.

2. In view of the provisions of the Code, and the rulings of this court heretofore made, the rule of damages in actions for the recovery of personal property unlawfully detained, is as follows, to-wit : When the plaintiff is content to recover the value of the property sued for at the time of the conversion thereof, and proves its value at that time only, he will be entitled to recover a verdict for its proven value at the time of the conversion, and interest thereon from that time up to the time of trial. But if the plaintiff is not content to recover the value of the property sued for at the time of the conversion thereof by the defendant, and introduces evidence to prove the *highest* value of the property sued for between the time of the conversion and the time of trial, as he may do, then the measure of damages will be such proven value of the property sued for, without interest thereon.

Let the judgment of the court below be reversed.