BRUHL *v.* COLEMAN *et al.*

Where one had given a general order to an express company that all matter addressed to him should be delivered by it to the conductor of a named railroad, and, in a particular instance, a package of goods which had been received by the conductor from the express company under such order was tendered by an agent of the railroad company to the person who had given the order, and he declined to receive it because it was not intended for him and was not his property, and the agent of the railroad company thereupon delivered the goods to an impostor who pretended to be the rightful consignee, and loss to the consignor was thus occasioned, both the person giving the order and the railroad company became liable to the consignor for the value of the goods; and this is so though the impostor exhibited to the agent of the railroad company, before the goods were delivered, some evidence tending to show that the goods were really intended for him. LITTLE, J., dissenting, as to the liability of the person giving the order.

Argued June 8, — Decided July 23, 1901.

Action for damages. Before Judge Evans. Emanuel superior court. October 16, 1900.

*R. C. Jordan, Roland Ellis,* and *J. Alex. Smith,* for plaintiff.
*Saffold & Mitchell,* for defendants.

FISH, J. In March, 1895, F. E. Bruhl, the plaintiff, a merchant in Macon, received an order for jewels to be sent by express, purporting to have been written at Swainsboro, and signed "J. C. Coleman, per W. H. C." He sent the goods by express, in a package addressed to J. C. Coleman, who was a responsible merchant in Swainsboro. The nearest express office to this destination was Midville, from which station ran the Midville, Swainsboro & Red Bluff Railroad to Swainsboro. The express agent at Midville had a standing order from J. C. Coleman to deliver all express matter addressed to him to the conductor of such railroad. This package was so delivered, and was by the conductor carried to Swainsboro and placed in the custody of the railroad-depot agent, the railroad company, as was its usual custom, receiving a charge for carrying

the package. It was offered by the depot agent to J. C. Coleman, who, after opening it, refused to take it. About half an hour later, a man, representing himself to be named J. C. Coleman, came to the depot agent, "identified himself by presenting the express receipt," and received the package. He disappeared from Swainsboro soon afterward, and has since been seen in a prison in Canada, under the name of Hutton. He seems to have been known also by the names of Smith and Rothschild. The plaintiff never received any payment for the jewels, and brought this suit against J. C. Coleman and the railroad company to recover their value. He alleged, that the railroad company negligently and fraudulently delivered the goods to a person other than the consignee; that in receiving the package from the express company it acted as J. C. Coleman's agent; and that J. C. Coleman, by giving the express company the order for delivery, opened up the opportunity by which the fraud was perpetrated on the plaintiff. A nonsuit was granted, and the plaintiff excepted.

Under these facts, the granting of a nonsuit was erroneous. In *Southern Express Co.* v. *Williams*, 99 *Ga.* 482, it was held, in effect, that the order given to the express Company by Coleman made the railroad company his agent to receive for him, at Midville, all express matter addressed to him, and that a delivery of such matter by the express company to the railroad company, made in pursuance of such order, was a good delivery to him. Mr. Justice Atkinson in delivering the opinion said that "the goods were delivered in accordance with the direction of the consignor to the consignee, by and through the duly appointed agent of the latter, who was fully authorized to receive them. Having discharged its [the express company's] full duty toward the consignor, it can make no difference that, subsequently to the time the goods went into the hands of the duly accredited agent of the consignee, they were by him negligently delivered to a person, other than the consignee, who was not entitled to receive them." It was accordingly held that the express company was not liable to the consignor. The rulings made in that case were, upon a review thereof, in *Bruhl* v. *Southern Express Co.*, 103 *Ga.* 583, adhered to and approved. It follows, therefore, in the present case, that when the express company, in pursuance of the order of the defendant Coleman, the real consignee, delivered the package of jewelry to his agent, the railroad

company, it was a delivery to him, and he, therefore, necessarily became responsible for its proper disposition. When the depot agent of the railroad company tendered it to him, and he, upon opening the package, discovered that the jewelry was not his property,—knowing at the time that it had been delivered to the railroad company, as his agent, by the express company, and in pursuance of his order,—it was his duty to return it to the express company, or to have had his agent, the railroad company, to do so. His refusal to receive it from his agent and permitting such agent to retain its possession made him liable for its wrongful delivery by his agent. The only right the railroad company had to the possession of the jewelry was by virtue of the order from Coleman to the express company. Under this order it had been received by the railroad company from the express company, for the sole purpose of being carried from Midville to Swainsboro for J. C. Coleman and to be there delivered to him; and when the railroad company was informed by Coleman, its principal, that the order did not cover this particular property, as it was not intended for him, then the railroad company, having no right to its possession, and being put on notice of such fact, should have returned it to the express company, and a delivery to one for whom it was never intended by the consignor was a conversion by the railroad company, for which it also was liable to the consignor. The fact that the impostor to whom the goods were delivered by the railroad company "identified himself by presenting the express receipt" can make no difference. It was the duty of Coleman and his agent, the railroad company, when it was discovered that the goods did not belong to Coleman, to return them to the express company. They were under no duty to deliver them to any one else, and when they undertook to deliver them to one claiming to be the true owner, they assumed all the risk involved in such a transaction; and if they made a mistake, they must be held liable therefor, whatever may have been the good faith in which they acted.

*Judgment reversed. All the Justices concurring, except Little, J., who dissents as to the liability of J. C. Coleman.*