117  329
117  584

## MIDVILLE, SWAINSBORO, AND RED BLUFF RAILROAD COMPANY *v.* BRUHL.

1. The evidence demanded a finding in favor of the plaintiff, and the judge did not err in directing the jury to return a verdict in his favor.
2. This being in its nature an action of trover, and the only evidence of the value of the property being as to its value at the date of the conversion, there was no error in instructing the jury that they should find for the plaintiff the amount so proved, with interest from that date to the time the trial was had.
3. There was no error requiring the granting of a new trial.

Argued February 12, — Decided March 13, 1903.

Action for damages. Before Judge Evans. Emanuel superior court. January 15, 1902.

*F. H. Saffold* and *Frank Mitchell*, for plaintiff in error.
*R. C. Jordan* and *J. Alexander Smith*, contra.

COBB, J. Bruhl sued the Midville, Swainsboro, and Red Bluff Railroad Company and John C. Coleman for damages. The judge directed a verdict against the railroad company, and the jury found

in favor of Coleman.    The railroad company excepts to the over-ruling of its motion for a new trial.

1. When the case was here before (*Bruhl* v. *Coleman*, 113 *Ga.* 1102), it was held that if the railroad company was the agent of Coleman, both he and the company were liable to the plaintiff. We do not deem it necessary to again set out in full the facts of this very remarkable transaction, which in one form and another has been before the courts of this State for several years. Many of the facts will be found detailed in the case of *Southern Express Company* v. *Williams*, 99 *Ga.* 482, and in the case when it was here before. Such of the facts not referred to in these cases as are material at the present time will be mentioned as the discussion progresses. When the express company delivered the package of jewelry to the railroad company at Midville, the railroad company, in receiving and transporting the package as a common carrier, acted as the agent of one of three persons, the express company, Bruhl, or Coleman. It may be said that the jury have found that it did not act as the agent of Coleman. It was, therefore, the agent either of the plaintiff or of the express company, or of both. The express receipts, which embodied the contract between plaintiff and the express company, after reciting the receipt of the jewelry, contained the following clauses. "Which it is mutually agreed is to be forwarded to our agency nearest or most convenient to destination only, and there delivered to other parties to complete the transportation. . . And if the same is entrusted or delivered to any other Express Company or agent (which said Southern Express Company are hereby authorized to do), such company or person so selected shall be regarded exclusively as the agent of the shipper or owner, and, as such, alone liable, and the Southern Express Company shall not be, in any event, responsible for the negligence or non-performance of any such company or person; and the shipper and owner hereby severally agree that all the stipulations and conditions in this receipt contained shall extend to and enure to the benefit of each and every other company or person to whom the Southern Express Company may entrust or deliver the above-described property for transportation, and shall define and limit the liability therefor of such company or person." By the very terms of this contract the railroad company was not the agent of the express company, but it became the agent of plaintiff, who was

both the shipper and owner. As agent of the plaintiff, it was the duty of the railroad company to deliver the jewelry to the consignee, the real Coleman, or to return the package, either to the express company or to the plaintiff, if the consignee, the real Coleman, refused to receive it. For its failure to do so it became liable to plaintiff. If the railroad company was the agent of both plaintiff, and Coleman, it would be liable; and if the agent of either, it would be liable. On the question as to whether the railroad company was the agent of Coleman the evidence was conflicting; but on the question of its agency for plaintiff there was no conflict, and the court did not err in directing the jury to find in favor of plaintiff against the railroad company.

2. The action was in its nature an action of trover, and therefore it was not erroneous to instruct the jury that in assessing damages they should add interest to the sum representing the value of the property at the date of the conversion, the only proof of value being the value at that date. *Schley* v. *Lyon*, 6 *Ga.* 535 (3); *Tuller* v. *Carter*, 59 *Ga.* 397 (2).

3. In one of the pleas of the railroad company it is alleged that in receiving and transporting the package it acted as the agent of the express company, that plaintiff had sued the express company and failed to recover; and this judgment in favor of its principal is pleaded in bar of plaintiff's present suit. We do not find it necessary in the present case to determine whether, in a transaction of the charactor now involved, a judgment in favor of the principal will conclude the plaintiff from resorting to the agent for remuneration. The record offered to support this plea does not show that the railroad company was the agent of the express company. On the contrary, it appears from this record that the express company pleaded, in effect, that the railroad company was not its agent, and on this plea the jury found in its favor.

There was no error requiring the granting of a new trial.

             *Judgment affirmed. By five Justices.*