### WILLIAMS *et al. v.* COLEMAN.

LAMAR, J.　1. In a limited sense the law may make a common carrier an agent, so that delivery to the carrier will for some purposes be a delivery to the consignee; but in such case the carrier can not render the consignee liable to the consignor for a misdelivery of the goods.

2. The liability referred to in *Bruhl* v. *Coleman*, 113 *Ga.* 1102, was that arising from the "standing order," and from the duty on the part of the consignee to return the jewels to the express company after they had been actually tendered to and rejected by him.

3. The evidence in this case as to the existence of a "standing order," and as to the actual delivery of the jewels to the defendant was materially different from that offered .n *Bruhl* v. *Coleman*, supra ; and while conflicting, it was ample to sustain a verdict for the defendant.

4. The sufficiency of the explanation as to any difference in the testimony by interrogatories in *Southern Express Co.* v. *Williams*, 99 *Ga.* 482, and that offered in this case was a question for the jury ; and the evidence being sufficient to sustain their finding, this court can not interfere with the verdict.

*Judgment affirmed. By five Justices.*

Argued February 13, — Decided. March 13, 1903.

Complaint. Before Judge Evans. Emanuel superior court. August 12, 1902.

*R. C. Jordan* and *J. A. Smith,* for plaintiffs.

*Frank Mitchell* and *F. H. Saffold,* for defendant.