## 8947. DUNN *v.* YOUNG.

The special grounds of the motion for a new trial amount to no more than an amplification of the contention that the verdict was not authorized by the evidence, and, there being some evidence to sustain the verdict, the court did not err in overruling the motion.

DECIDED MARCH 13, 1918.

Trover; from city court of Zebulon—Judge Dupree. May 10, 1917.

*Reagan & Reagan,* for plaintiff in error.

*Redding & Lester, Mundy &·Mundy,* contra.

WADE, C. J. This was an action of trover by Mrs. Mattie M. Young against C. M. Dunn, to recover an automobile to which she claimed title, and which she alleged had been in his possession since April 1, 1916, and was of the value of $650, and of a rental value of $200 a year. The defendant admitted the possession of the property, and that he had exercised such possession, using and enjoying the automobile, since April 1, 1916, but denied that the machine was of the value alleged, and set up that he had purchased

2

it in good faith from the husband of the plaintiff, without any knowledge of her title to the property. The jury returned a verdict for the plaintiff for $575 principal and $32.08 "interest," as the plaintiff elected to take a money verdict. The defendant's motion for a new trial was overruled and he excepted. The grounds of the motion other than the usual general grounds were merely amplifications of those grounds.

It was insisted that since the evidence discloses that the plaintiff's husband sold the automobile to the defendant in part payment of an interest in a certain business from which profits were derived and paid over to Mrs. Young by various checks signed by the defendant, which were made payable to her husband and by him indorsed, the receipt of such checks by her, together with her testimony delivered at the trial, that "if Mr. Dunn had carried out the trade," she "would have made no objections to the sale," showed conclusively that she had ratified or consented to the said sale, and therefore she could not recover the property from the purchaser. Whether or not there was a ratification of the sale made by her husband was clearly a question for determination by the jury, and they found to the contrary, and it can not be held that her statement, that she "would have made no objections to the sale" if the defendant had carried out a certain contract with her husband, amounted to conclusive proof that at the time the sale was effected she had agreed thereto, or that she ever subsequently ratified the same, especially in view of her direct and positive testimony that she "never knew of the sale of the automobile in question to C. M. Dunn until [she] received letter from him." Neither is there anything in the record to show that Mrs. Young, when receiving several checks signed by Dunn and payable to her husband, knew of or had any reason to believe that such checks were proceeds derived from a business purchased by the transfer of the automobile sued for, or that the automobile had then in fact been delivered by her husband to Dunn.

The motion for a new trial presents the contention that there was no evidence in the case showing that $575 was the proved value, or the highest proved value from the date of the conversion of the property, but that the evidence showed only that $575 represented the original purchase-price paid by Mrs. Young when *she* first acquired the property. This contention is not well founded,

in view of the express admission in the plea of the defendant that he was in possession of the property sued for on April 1, 1916, and had been ever since that date, and the testimony of Mrs. Young that "the car was worth $575, April 1, 1916. After purchase I put new top and made other repairs," and the testimony of B. H. Young, her husband, that "the car was worth $575 at the time of purchase [the original purchase by the plaintiff] and on April 1" (evidently referring to April 1, 1916), and his further testimony that there were some repairs made after the purchase, which added to the original value of $575, a new top being put on and other improvements made. Likewise, one J. W. Carriker testified that a new car of the same model was worth $1,550, that he examined this car at the time Dunn bought it, and "the market value of the car was forty per cent. of the original cost price at the time" of such examination. Forty per cent. of $1,550 is in excess of $575 principal, found by the jury. It is clear that there was testimony from which the jury could find that the value of the car at the time of its conversion on April 1, 1916, amounted to as much as $575, and there is no merit in the contention that a verdict of this amount was wholly unauthorized. Whether or not the title to the property was relinquished by the plaintiff, and whether or not she ever ratified in any way her husband's act in disposing of the property, were questions solely for the jury, and with their conclusion we have no right to interfere.

The only definite proof of value made by the plaintiff being proof of such value at the time of conversion, as set forth in the evidence recited above, and the verdict being clearly based thereon, the jury properly added interest to the sum representing the value of the property at the time of conversion. "The only evidence of the value of the property being as to its value at the date of the conversion, there was no error in instructing the jury that they should find for the plaintiff the amount so proved, with interest from that date to the time the trial was had." *Midville Railroad Co.* v. *Bruhl,* 117 *Ga.* 329 (2) (43 S. E. 717). "The measure of damages in a suit brought to recover personal property which has been wrongfully converted, where the plaintiff elects to take a money verdict, is the highest proved value of the property at any time between the date of the conversion and the trial, *or its value at the date of the conversion, with interest from that date.*"

(Italics ours.) *Mashburn* v. *Dannenberg Co.*, 117 *Ga.* 567 (15), 584 (44 S. E. 97). Interest on $575, the value shown at the date of the conversion, at seven per cent. per annum from that date until the date the verdict was rendered, would amount to more than $32.08, the sum specified as "interest" by the verdict; and the defendant had therefore no ground for complaint on this score. The petition, fairly construed, clearly indicates an intention to seek a recovery of the value of the property at the time of its conversion, with hire or interest on such value from that date until judgment should be obtained, since, while alleging a value of $650, it is therein further alleged that the defendant had the use and possession of the property since April 1, 1916, and that the petitioner was entitled to the rents of the property from that date, of the yearly value of 200. "When the plaintiff elects to demand a verdict for damages alone, and the proof shows a conversion, and that the plaintiff was at the date of the conversion the absolute owner of the property, the measure of damages shall be, at the option of plaintiff, either the highest proved value of the article between the date of the conversion and the time of trial, or the value of the article at the date of the conversion." *Holmes* v. *Langston,* 110 *Ga.* 861, 867 (36 S. E. 251).

There was evidence to support the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*