### 13646.  Cox *v.* Fairbanks Company.

Jenkins, P. J.  The N. K. Fairbanks Company during 1918 stored with T. E. Cox, doing business as Cox Brokerage Company, " a large quantity of Snowwhite Compound," the goods in his hands being known as " consigned stock." Cox reported on one of the Fairbanks Company forms that he had sold to the Copeland Grocery Company, at Elberton, Georgia, on March 16, 1918, to be shipped to J. A. Campbell, Atlanta, Georgia, fifty 60-pound tubs of Snowwhite Compound, 3,000 pounds, at 21-¾ cents per pound, or at an aggregate price of $652.50. Thereupon the Fairbanks Company billed Copeland Grocery Company, and received a check for this amount. It afterwards developed that Campbell had never received the compound, and he declined to pay for the same, and the Copeland Grocery Company deducted from a subsequent invoice the amount it had paid the Fairbanks Company. This suit was brought by the Fairbanks Company against Cox for a conversion of the said compound, alleging: that he was indebted to it in the sum of $652.50, with interest from March 16, 1918; that prior to that date it delivered to him fifty 60-pound tubs of the said product, of the fair and reasonable market value of 21-¾ cents per pound; that said compound was stored with him to be by him delivered to various parties upon the proper order of such parties, or upon the order of the plaintiff; that the particular compound in question was to be delivered by him to J. A. Camp-

bell upon the order of the Copeland Grocery Company, the defendant to act as an agent for the plaintiff in making the delivery to Campbell; and that he failed and refused to deliver the compound to Campbell, but, on the contrary, converted it to his own use, and the demand was made upon him, but he refused to deliver; and the petitioner prayed for judgment for the total amount with interest as stated. Cox admitted the possession of the goods, the segregation of the particular lot for delivery to Campbell, and that he had reported to the Fairbanks Company the delivery of the same to Campbell. The issues submitted to the jury were whether there was such a delivery by Cox to Campbell, ·and the issue made by the defendant's plea of accord and satisfaction. Upon these issues they found against Cox, rendering a verdict for the plaintiff for $350 principal and $90.85 as interest. According to the testimony of Cox, he delivered the compound to some person who produced an order signed " J. A. C.," and from whom he took a receipt signed " Will Park." This person was not further identified, even as to whether he was white or black, except that the defendant testified that he was the same drayman to whom one other previous order from Campbell had been delivered. *Held*:

1. Allegations and proof of demand and refusal being necessary only to show conversion, it follows that when legal conversion is otherwise alleged and proved, averments and proof of demand and refusal are unnecessary. *Baston* v. *Rabun*, 115 *Ga*. 378 (48 S. E. 568) ; *Merchants & Miners Trans. Co.* v. *Moore*, 124 *Ga*. 482 (52 S. E. 802) ; *Hicks* v. *Moyer*, 10 *Ga. App*. 488 (4) (73 S. E. 754).

2. Possession of the particular segregated portion of the designated goods sued for being admitted by the defendant, he is estopped from disputing a proper description of the goods sued for; especially is this true where, as here, no demurrer is entered upon this ground, and where the nature of the goods sued for is not such as to render a minute description possible. *Cowart* v. *Dees*, 7 *Ga. App*. 601 (67 S. E. 705).

3. While there can be no recovery in an action of trover where it appears that, prior to the institution of the suit, the plaintiff parted with the title to the property involved (*Hall* v. *Simmons*, 125 *Ga*. 801 (2), 54 S. E. 751; *Prater* v. *Painter*, 6 *Ga. App*. 292, 64 S. E. 1003), this rule does not apply here, since the title to the particular goods which the plaintiff consignor directed the defendant consignee to turn over to the customer would not pass out of the plaintiff and into the customer until delivery.

4. Even " though the parties may have made what appears to be an entire contract, resting on mutual obligations, still if the contract is of such a nature as to give rise to separate and distinct demands or to create a number of separate obligations and cross-obligations, and a number of distinct breaches as to these separate obligations occur, the parties may make an accord and satisfaction, or what in law amounts to an accord and satisfaction, as to one or more of these demands, without affecting the others." *National Duck-Mills* v. *Catlin*, 10 *Ga. App*. 240 (2) (73 S. E. 418). It plainly appearing, from the evidence, that the accord and satisfaction previously entered upon between the parties related wholly to other separate and distinct obligations and

cross-obligations, and that the settlement entered upon with reference thereto did not pertain in any way whatever to the subject-matter of the present suit, the verdict finding against the plea of accord and satisfaction was not contrary to law as being without evidence to support it.

5. The jury were authorized, under the evidence, to find against the defendant upon the issue as to whether there had been a delivery. There was also sufficient evidence as to the value of the goods to authorize the verdict rendered; and for none of the reasons assigned can it be set aside or modified except as set forth in the next succeeding part of this syllabus.

6. The jury found a verdict in favor of the plaintiff in the sum of $350 principal and $90.85 interest. Under the rule announced in *Drury* v. *Holmes*, 145 *Ga.* 558 (89 S. E. 487), the verdict as it stands is too uncertain to be upheld, "because it is not apparent whether the jury intended to find a verdict for damages with interest, or whether the verdict was for the highest proved value of the property and interest. If this was a verdict for damages, interest as such was not allowable, though the jury might have allowed interest from the date of the conversion and added it to the value of the property at that time, returning a verdict for a lump sum which would embrace principal and interest; but if the jury found for the plaintiff the highest proved value as the principal sum awarded by the verdict in this case, then no interest on that amount was allowable." The instant case cannot be brought within the rulings made in *Midville &c. R. Co.* v. *Bruhl*, 117 *Ga.* 329 (43 S. E. 717), and *Dunn* v. *Young*, 22 *Ga. App.* 17 (95 S. E. 374), where the only proof of value pertained to value at the time of conversion. Consequently the verdict as written cannot stand; but it is adjudged that if, within twenty days after the remittitur from this court shall be made the judgment of the court below, the plaintiff shall write off from the verdict the amount allowed as interest, the judgment refusing a new trial shall stand affirmed. Should the plaintiff in the court below not write off the interest, the judgment will be reversed and a new trial granted.

*Judgment affirmed, on condition. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 10, 1923.

Trover; from city court of Atlanta — Judge Reid. May 22, 1922.

*McCallum & Sims,* for plaintiff in error.

*Alston, Alston, Foster & Moise,* contra.