### 46162. FRANK JACKSON MOTORS, INC. v. MORTGAGE ENTERPRISES, INC. et al.

PANNELL, Judge. The trial judge, to whom the case was submitted without the intervention of a jury, found in favor of the plaintiff in fi. fa., Mortgage Enterprises, Inc., and against the claimant, Frank Jackson Motors, Inc. The levy was upon a motor vehicle levied upon in possession of the claimant. The evidence on the trial of the issue thus made would authorize a finding of substantially the following facts.

The vehicle was purchased for cash from Boomershine Pontiac, Inc., on March 24, 1970, in the name of Danny T. Proctor and Ronda T. Morin, and pursuant to an application filed on March 26, 1970, signed by both, and accompanied by a manufacturer's statement of origin, the title was registered in their names under the Georgia Motor Vehicle Certificate of Title Act and certificate of title number 3480231, in both their names, was duly issued. On May 5, 1970, Proctor secured a loan from plaintiff and alone executed a note, security instrument, and financing statement giving the vehicle as security for the loan and delivering to the lender plaintiff certificate of title number 3480231 with the assignment and warranty of title duly executed before a notary public by Proctor alone, together with a bill of sale to the vehicle from Morin to Proctor, duly executed before a notary public, dated March 24, 1970. The security

holder presented to the commissioner the title certificate and application for a new title and entry of its security interest thereon, the application being signed only by the security holder rather than the owner of the vehicle and the security holder was notified by the commissioner of the necessary requirements on 5-12-70 and that until these requirements were met the application was rejected. No further action was taken to perfect the security interest. Proctor and Morin on May 29, 1970, applied for, and there was issued on the same date, a duplicate certificate of title in both their names, being certificate number 3553047. On the same date, Proctor alone applied for a certificate of title in his name accompanied by a properly executed power of attorney and bill of sale from Morin, dated May 29 and May 28, 1970, respectively, together with surrender of the duplicate certificate number 3553047. In accordance with the requirements of the law requiring a delay of 15 days, a title certificate number 3554648 was issued in the name of Proctor on June 12, 1970, stamped, as was certificate number 3553047: "This is a duplicate certificate and may be subject to the rights of a person under the original certificate." However, before the issuance of this certificate of title, and on June 9, 1970, Proctor traded the vehicle to the claimant for a second vehicle and cash, leaving with the claimant the (1) sale statement of Boomershine Pontiac, Inc., showing the sale of the car to Proctor and Morin, (2) a power of attorney duly executed before a notary public by Morin authorizing Proctor to apply for a duplicate certificate of title to, or to transfer title to, the vehicle, dated May 29, 1970, and (3) a carbon copy of his application for title in the name of Proctor, duly executed by Proctor before a notary public. The transaction between claimant and Proctor was not closed until claimant ascertained by telephone call to the office of the commissioner in charge of title registration the status of the title, and that no liens or security interest had been recorded and that an application was, at that time, pending for a new title certificate in the name of Proctor. The claimant later received (4) the title certificate number 3554648 issued in the name of Proctor alone with the assignment and warranty of title signed by Proctor but not witnessed

by an official witness and (5) also a power of attorney duly executed by Proctor before a notary public on June 22, 1970, authorizing claimant to apply for duplicate certificate of title or to transfer title to the vehicle.

The decision of the trial judge is before this court for review. *Held:*

1. Section 22 of the Act (*Code Ann.* § 68-422a) provides that if the owner creates a security interest in a vehicle the *owner* shall immediately execute the application in the space provided therefor on the certificate of title or on a separate form the commissioner prescribes, to name the holder of the security interest on the certificate. Consequently, the application executed by the holder of the security interest was not perfected by mailing the original title certificate and application executed by the security holder with the required fee to the commissioner, under Section 21 (b) of the Act (*Code Ann.* § 68-421a (b)).

2. (a) While an automobile dealer, in the event of a purchase by him of a vehicle which he holds for resale, does not have to apply for and receive a title in his name in order to be protected against an unperfected security interest (see Section 15 (b) and Section 16 (a) of the Act; *Code Ann.* § 68-415a (b); *Code Ann.* § 68-416a (a)), however, the transfer to the dealer "shall otherwise conform with the provisions of Section 15." Section 16 (a) of the Act (*Code Ann.* § 68-416a (a)). The provision of Section 15 (a) of the Act (*Code Ann.* § 68-415a (a)) requires that "[i]f an owner transfers his interest in a vehicle other than by the creation of a security interest, he shall at the time of delivery of the vehicle execute an assignment and warranty of title, *which must be subscribed and sworn to before an officer authorized to administer oaths in the State,* to the transferee in the space provided therefor on the certificate of title or as the commissioner prescribes, and cause the certificate and assignment to be delivered to the transferee." It would appear, therefore, that in order for the "title" of the dealer to be perfected he must be in possession of a certificate of title upon which, or by separate paper, an assignment and warranty of title has been subscribed and sworn to by the transferor before an officer authorized by law to administer oaths in the State. The auto-

mobile dealer here is therefore afforded no protection by the provisions of Section 16 of the Act.

(b) Where the automobile dealer purchased the automobile from Proctor without a certificate of title, but relying only upon a bill of sale from the original seller showing the sale to Proctor and Morin and a bill of sale from Morin to Proctor, and made no inquiry as to the whereabouts of the original title certificate and made no other inquiry except to verify the original purchase by Proctor and Morin and made a telephone inquiry to the office of the commissioner, which disclosed a duplicate certificate had been issued for the original, then surrendered upon an application for title certificate in Proctor's name alone and that there were no liens or security interests of record, and the dealer relied upon said telephone conversation rather than requesting in writing a record search for undisclosed certificate of title liens and security interests provided for by the rules promulgated by the commissioner pursuant to the Georgia Motor Vehicle Certificate of Title Act, Chapter 560-10-12, Section .06, Vol. VI, Rules and Regulations of the State of Georgia, p. 356, and where a record search would have disclosed that the plaintiff in fi. fa., security interest holder here, had applied for a certificate of title showing its security interest and had its application rejected, we cannot say that the trial judge was not authorized to find the automobile dealer claimant was not a bona fide purchaser for value so as to be protected as against the unrecorded security interest. See in this connection, Robinson v. Poole (1950, Mo. App.), 232 S. W. 2d 807, 809.

3. The trial court did not err in finding in favor of plaintiff in fi. fa., the holder of the security interest.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
ARGUED MAY 3, 1971—DECIDED OCTOBER 14, 1971—
REHEARING DENIED NOVEMBER 8, 1971.

*Bonner & Rubin, Virginia A. Bonner, S. Richard Rubin,* for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellee.

*Fisher & Phillips, William W. Alexander, Jr.,* amicus curiae.