## 59578. McCONNELL et al. v. BARRETT.

McMURRAY, Presiding Judge.

On or about June 29, 1974, Patricia Barrett purchased a mobile home, entering into a consumer motor vehicle note and security agreement with the Tri-County Bank of Royston. Her father, H. J. Barrett, was a co-signer on the note. The certificate of title to the mobile home named only Patricia Barrett as the owner and

Tri-County Bank of Royston as lien or security interest holder. H. J. Barrett was at no time in possession of the mobile home in question.

Patricia Barrett purportedly sold the mobile home to a dealer in used mobile homes who was supposed to pay off the bank loan. The dealer did not pay off the bank loan and H. J. Barrett was notified by the bank that this debt was still outstanding and that certain payments were overdue. H. J. Barrett then went to the bank and gave his personal note to satisfy the debt on the mobile home. The bank assigned the original consumer note to H. J. Barrett and signed the reverse side of the certificate of title form, releasing its lien and security interest in the mobile home.

After making several demands for payment of the note on the dealer involved in this transaction, with no results, H. J. Barrett learned the location of the mobile home, which was then in the possession of James McConnell. McConnell had purportedly purchased the mobile home from the dealer, although he had not received a certificate of title for the mobile home.

Subsequently, H. J. Barrett filed a petition for writ of possession against James McConnell, seeking possession of the mobile home. The First National Bank of Commerce which had loaned the money to McConnell with which to purchase the mobile home and with whom McConnell had signed a promissory note and security agreement purporting to give a security interest in the mobile home was allowed to intervene as a party defendant. After a hearing, H. J. Barrett's petition for writ of possession was granted. James McConnell and the First National Bank of Commerce appeal. *Held:*

1. On the reverse side of the certificate of title for the mobile home, Tri-County Bank of Royston has signed a release of its lien and security interest in the mobile home, stating that the lien and security interest "is released and discharged." This release is dated January 6, 1979, the same date as the assignment of the original note of June 29, 1974, to H. J. Barrett. There was no compliance with Code Ann. § 68-421a (Ga. L. 1961, pp. 68, 83; 1962, pp. 79, 85; 1965, pp. 304, 311; 1969, pp. 92, 93; 1978, pp. 1081, 1139), therefore, the security interest assigned by Tri-County Bank of Royston to H. J. Barrett was not perfected as to H. J. Barrett as he did not comply with the law as to perfection of his security interest. Yet he still is the holder of a security interest, unperfected.

There was no transfer of title to the mobile home from Patricia Barrett to the dealer and thence to McConnell in compliance with Code Ann. § 68-415a (Ga. L. 1961, pp. 68, 78) and Code Ann. § 68-416a (Ga. L. 1961, pp. 68, 79; 1965, pp. 304, 309). McConnell purchased the mobile home from the dealer without a certificate of title, relying only upon a contract which the dealer had signed. The certificate of title

remained in the possession of the Tri-County Bank of Royston and physical possession thereof was transferred to H. J. Barrett upon the assignment of the note and security interest. Apparently no inquiry was made by McConnell at the time of his purported purchase as to the status of the title which would have revealed the security interest of Tri-County Bank of Royston which was later assigned to H. J. Barrett. Under these circumstances, we cannot say that the trial court was not authorized to find that James McConnell was not a bona fide purchaser for value so as to be protected against the security interest which was assigned to H. J. Barrett. See in this regard *Frank Jackson Motors v. Mortgage Enterprises,* 124 Ga. App. 798, 801 (2) (b) (186 SE2d 464). See also Code Ann. § 68-415a (d), supra.

2. Defendants contend that the plaintiff H. J. Barrett is estopped to deny the ownership of defendant James McConnell of the mobile home and security interest in the First National Bank of Commerce to same due to the acquiescence of plaintiff H. J. Barrett and Tri-County Bank of Royston in the sale of the mobile home by Patricia Barrett to the dealer. Defendants rely upon Code Ann. § 109A-2—403 (2) (3) (Ga. L. 1962, pp. 156, 202). Two cases involving classic situations to which these code sections apply are found in *Simson v. Moon,* 137 Ga. App. 82 (222 SE2d 873), relied upon by the defendants, and *Rockwin Corp. v. Kincaid,* 124 Ga. App. 570 (184 SE2d 509) cited therein. In both of those cases the "entrusting" was accomplished by the owner of the vehicles involved. In this case the Tri-County Bank of Royston and H. J. Barrett were not owners of the mobile home and therefore could not be the entruster. Patricia Barrett, the title owner, entrusted the mobile home to the dealer and defendants' contention that H. J. Barrett and Tri-County Bank of Royston acquiesced in the transfer and possession of the mobile home to the dealer and the dealer's manifesting control thereof offers no foundation for the assertion of the remedy provided by Code Ann. § 109A-2—403 (2) (3), supra. See Adams v. City National Bank & Trust Co., 565 P2d 26, 29 [1].

3. Defendants also enumerate as error that the trial court sustained an objection to a certain question asked of plaintiff on cross examination. The question was: "All right, sir. And, him being a mobile home dealer, they didn't make a title over to him. They [Tri-County Bank of Royston] knew he was going to sell it too, is that right?" Plaintiff's objection to this question calling for irrelevant testimony was properly sustained. The answer solicited would have been relevant only to the alleged acquiescence of Tri-County Bank of Royston to the transaction between Patricia Barrett and the dealer. In view of Division 2, supra, evidence on that issue does not relate

either directly or indirectly to the questions being tried by the court. Irrelevant matter should be excluded. See Code § 38-201; *Van Gundy v. Wilson,* 84 Ga. App. 429, 433 (2) (66 SE2d 93).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED MARCH 11, 1980 — DECIDED MAY 8, 1980 — REHEARING DENIED JUNE 2, 1980 — 

*L. Eddie Benton, Jr.,* for appellants.
*George H. Bryant,* for appellee.