## 62010. FARMERS & MERCHANTS BANK v. HOLLOWAY.

CARLEY, Judge.

This is the second appearance of this case before us. After summary judgment for Farmers & Merchants Bank (Bank) was reversed in *Holloway v. Farmers & Merchants Bank,* 151 Ga. App. 424 (260 SE2d 380) (1979), the case proceeded to trial and the jury returned a verdict in favor of Holloway. The Bank's motions for judgment n.o.v. and new trial were denied and this appeal follows:

1. The Bank enumerates as error the denial of its motions for judgment n.o.v. and new trial. The case essentially involves the issue of ownership of a certain automobile. It was and is the Bank's contention that its debtor, Pippin, owned the vehicle in which he granted the Bank a security interest and that Holloway had, at most, an unwritten purchase money security interest in the vehicle. See *McDonald v. Peoples Auto. Loan & Fin. Corp.,* 115 Ga. App. 483 (154 SE2d 886) (1967). Holloway contends, on the other hand, that she was the sole owner of the automobile and that she had allowed the vehicle to remain at the car lot belonging to Pippin in order that he might sell it for her. Thus Holloway asserts that she is the owner of the automobile in which Pippin fraudulently attempted to grant the Bank a security interest. The evidence concerning "ownership" of the car is meager and confusing at best. Neither a bill of sale nor the testimony of the seller was introduced. Suffice it to say that the jury was authorized to find that the vehicle was purchased with Holloway's money by Pippin who was acting as her agent and that he had absolutely no possessory interest in, as opposed to a mere right of possession to, the automobile. Thus unlike *McDonald,* supra, which involved priority between conflicting security interests, the instant case must be viewed as a contest between the owner of a vehicle on one side asserting a full possessory interest therein and the Bank on the other asserting that its debtor who in fact had no possessory interest whatsoever in the automobile granted a valid security interest therein.

The issue in such a case is whether the owner, Holloway, had so invested Pippin, the Bank's debtor, with such indicia of ownership of the automobile as to authorize him to be treated as the owner thereof. See *Wreyford v. Peoples Loan & Fin. Corp.,* 111 Ga. App. 221 (141

SE2d 216) (1965). "In the absence of special circumstances a security interest attaches only to the extent of the debtor's interest . . . [O]ne cannot encumber another man's property in the absence of consent, estoppel, or some other special rule. [Cits.]" *First Nat. Bank &c. Co. v. McElmurray,* 120 Ga. App. 134, 138 (169 SE2d 720) (1969). The mere fact that Holloway left the automobile on the business premises belonging to the Bank's debtor in order to sell it is not sufficient evidence to support a finding of "indicia of ownership." See *Peoples Loan & Fin. Corp. v. Bell,* 101 Ga. App. 593 (115 SE2d 218) (1960).

Thus the sole question remaining is whether the evidence that Holloway turned over for safekeeping the certificate of title to the vehicle demanded a finding that Pippin had sufficient indicia of ownership to encumber the vehicle. Code Ann. § 68-416a "relieves a dealer in automobiles of the duty imposed upon other transferees by [Code Ann. § 68-415a] of securing a new title certificate from the Revenue Commissioner in the name of the dealer. Under that section the dealer is only required to have in his possession the certificate of title issued to the former owner with an assignment and warranty of title duly executed and sworn to before an officer authorized to administer oaths, such assignment, when thus made to a dealer, being executed in blank." *Wreyford v. Peoples Fin. Corp.,* 111 Ga. App. 221, 224, supra. "It would appear, therefore, that in order for the 'title' of the dealer to be perfected he must be in possession of a certificate of title upon which, or by separate paper, an assignment and warranty of title has been subscribed and sworn to by the transferor before an officer authorized by law to administer oaths in the State." *Jackson Motors v. Mortgage Enterprises,* 124 Ga. App. 798, 800 (186 SE2d 464) (1971). A review of the certificate of title upon which the Bank relies in the instant case as evincing an indicia of ownership demonstrates that it does not contain a sworn assignment and warranty of title by the named owner to Pippin. Thus, reliance by the Bank on this certificate of title as a sufficient indicia of ownership by Pippin is misplaced, for "mere possession alone by one who is not shown on the face of the certificate of registration . . . to be the owner and in the absence of a properly executed assignment and warranty of title subscribed and sworn to by the registered owner before an officer authorized to administer oaths, duly assigning the title to the one in possession, is not sufficient to authorize another dealing with the possessor to treat him as the owner thereof." *Wreyford v. Peoples Loan & Fin. Corp.,* 111 Ga. App. 221, 223, supra. "Upon a transfer of ownership it is required that the transferor deliver a sworn assignment and warranty of title to the transferee on the certificate of title and until this is done, *except as between the parties,* the transferee obtains no interest in the vehicle." *Canal Ins. Co. v. P & J*

*Truck Lines,* 145 Ga. App. 545, 546-547 (244 SE2d 81) (1978), overruled on other grounds *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235 (248 SE2d 635) (1978). Thus, if anything, the certificate in the instant case was an indicia of the debtor's nonownership of the vehicle.

We find no evidence in the instant case which would take it outside the holding in *Peoples Loan & Fin. Corp. v. Bell,* 101 Ga. App. 593, supra: "Mere delivery of an automobile and its keys to a used car dealer for display on the used car lot for the limited purpose of obtaining bids, does not give the used car dealer authority to pledge, mortgage, or encumber the car, nor is the original owner estopped by such acts to assert his rights in the car." Accordingly, it was not error to deny the Bank's motion for judgment n.o.v. or its motion for new trial based upon the general grounds.

2. The Bank's assertion that there was no evidence which would authorize a charge on the agency of Pippin to sell the automobile for Holloway is not supported by the transcript. There was evidence presented concerning such a relationship and it was not error for any reason urged on appeal to give the charge.

3. The Bank enumerates as error the admission into evidence over objection of a purported undated bill of sale of the vehicle from Pippin to Holloway. The basis for the objection was that "without a date on it, it's a nullity." However, the document was not introduced to show that Pippin had sold the vehicle to Holloway, which clearly would have been in derogation of Holloway's contention that Pippin never had any interest in the automobile to convey. Holloway testified that after she discovered that a security interest in the automobile had been ostensibly granted to the Bank, Pippin told her "he wasn't going to let it go far enough for [her] to lose [her] car" and gave her the document "just to cool [her] off, to kind of ease [her] mind a little bit about the possibility of someone taking this car away from [her]." Thus, the undated document was not tendered as being a valid bill of sale but, rather, as demonstrating that Pippin had thereby acknowledged Holloway's *previous* ownership of the vehicle and had attempted to undo the situation in which he had placed Holloway by using her automobile as security for his loan from the Bank. The jury was instructed as to the limited purpose for which the document was admitted. See *Renfroe v. State,* 54 Ga. App. 215 (2) (187 SE 623) (1936). We find no error in its admission into evidence.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*H. Dale Thompson,* for appellant.
*Maurice Byers,* for appellee.