72698, 72806. DeKALB COUNTY TEACHERS FEDERAL CREDIT UNION v. CITIZENS & SOUTHERN NATIONAL BANK; and vice versa.
(350 SE2d 286)

CARLEY, Judge.

Appellee-cross appellant Citizens and Southern National Bank (C&S) brought suit, alleging that a vehicle in which it held a perfected security interest had been converted by appellant-cross appel-

lee DeKalb County Teachers Federal Credit Union (Credit Union). C&S sought to recover a sum which represented the value of the vehicle at the time of its alleged conversion by the Credit Union. C&S also alleged that it would be "entitled to pre-judgment interest on the principal amount at the legal rate of interest calculated from the date of the conversion, August 22, 1978, to the date of judgment." The Credit Union answered, asserting the defense that its security interest in the vehicle was superior to that held by C&S.

C&S moved for summary judgment. Pursuant to the parties' stipulation of facts, the trial court held that C&S had a superior security interest in the vehicle and that the Credit Union had converted that interest. Summary judgment was granted in favor of C&S in the amount of $9,100, a sum which, according to the trial court, represented "the value of [C&S's] interest" in the vehicle. *Douglas Motor Co. v. Watson*, 68 Ga. App. 335, 336 (22 SE2d 766) (1942). However, the trial court denied summary judgment to C&S on its claim for interest.

In Case Number 72698, the Credit Union appeals from the grant of summary judgment in favor of C&S on its conversion claim. In Case Number 72806, C&S cross-appeals from the denial of its motion for summary judgment as to its claim for interest.

*Case Number 72698*

1. In related enumerations, the Credit Union urges that, under the stipulated facts, the trial court erroneously granted summary judgment in favor of C&S as to the conversion issue. The facts, as stipulated by the parties, are quite lengthy and involved. For purposes of the instant appeal, however, it is necessary to state only the following: The Credit Union urges that, although its security interest in the vehicle was perfected subsequent to C&S's, its security interest derives from the true owner of the vehicle, whereas C&S derived its security interest only as the result of a fraudulent scheme perpetrated by one with no actual ownership interest in the vehicle.

The Credit Union relies upon the legal principle that, " '*[i]n the absence of special circumstances* a security interest attaches only to the extent of the debtor's interest. . . . [O]ne cannot encumber another man's property in the absence of consent, estoppel, or some other special rule. [Cits.]' [Cit.]" (Emphasis supplied.) *Farmers & Merchants Bank v. Holloway*, 159 Ga. App. 645, 646 (284 SE2d 661) (1981). The contention is that C&S's "debtor" had no interest in the vehicle and that C&S therefore had no security interest to perfect. However, the stipulated facts of the instant case show the existence, rather than the absence, of "special circumstances." The fraud which was perpetrated against C&S was committed by the agent of the

owner of the vehicle and it is through that owner that the Credit Union claims its security interest. This agent had been given unrestricted access to funds and unrestricted authority to locate and consummate the purchase of a vehicle, which vehicle he would only then deliver to his principal. After using his principal's funds, and while in possession of both the vehicle and of the necessary documents evincing its purchase and ownership, the agent availed himself of the opportunity to defraud both his principal and C&S. While he was invested "with such indicia of ownership of the automobile as to authorize him to be treated as the owner thereof[,]" he secured a loan from C&S, representing the vehicle as his own and using it as security. *Farmers & Merchants Bank v. Holloway,* supra at 645.

Under these stipulated facts, the trial court did not err in granting summary judgment in favor of C&S as to the Credit Union's *liability* for conversion. The fraud was attributable to the owner through whom the Credit Union claimed, not to C&S. "[A]s between one of two innocent parties who must suffer from a fraud of a third, he who furnished the means to commit the fraud, or whose negligence enables the third party to commit it, must bear the loss. [Cits.]" *McDonald v. Peoples Auto. Loan & Fin. Corp.,* 115 Ga. App. 483, 488 (154 SE2d 886) (1967).

### Case Number 72806

2. C&S enumerates as error the denial of its motion for summary judgment as to the award of interest.

The trial court did not express the reason for its ruling in this regard. Although interest, as such, is not recoverable in a trover action, the law does provide that, in certain circumstances, the plaintiff will be entitled to recover "the equivalent of interest" as "additional damages." *Beaver v. Magid,* 56 Ga. App. 272, 273 (1c) (192 SE 497) (1937). "The rule as to damages is this: Where the plaintiff is content to recover the *value of the property at the time of its conversion, and proves its value at that date only,* he will be entitled to *interest* to the time of the trial; but if he introduces testimony to show its *highest value between the conversion and the trial,* the measure of damages will be such value *without interest.*" (Emphasis supplied.) *Tuller v. Carter,* 59 Ga. 395 (2) (1877). "The allowance of such additional damages, the equivalent of interest, is predicated on the ground that the plaintiff, having been unlawfully deprived of his property, is entitled to be fully compensated for the wrong inflicted, and the calculation on a basis of interest at seven per cent is deemed a proper measure for the additional *damages.* But in returning a verdict the jury should find, not separate amounts, principal and interest, but a total or lump sum which represents the two intermediate findings; and it

has been held that a verdict which is not so rendered is illegal and can not stand. [Cits.]" (Emphasis in original.) *Beaver v. Magid*, supra at 281.

Applying the "rule as to damages" enunciated in *Tuller v. Carter*, supra, in the instant case shows the following: The complaint of C&S, "fairly construed, clearly indicates an intention to seek a recovery of the value of the property at the time of its conversion, with hire or interest on such value from that date until judgment should be obtained. . . ." *Dunn v. Young*, 22 Ga. App. 17, 20 (95 SE 374) (1918). Under the stipulated facts, the only value of the automobile proved was its value at the time of the conversion. Therefore, pursuant to C&S's election and proof, it was entitled to a recovery in " 'the amount so proved, with interest from [the] date [of the conversion] to the time the trial was had.' [Cit.]" *Dunn v. Young*, supra at 19. It follows that, under the pleadings and facts of the instant case, the trial court erred in denying C&S's motion for summary judgment for the "equivalent of interest" as additional damages for the Credit Union's conversion of the automobile.

3. Based upon the foregoing legal principles, it would appear that a mere reversal of the denial of C&S's motion for summary judgment will not effectively correct the error in the instant case. In cases such as this, the law requires a *single lump sum* award, rather than two separate awards, one of which represents the value of the property at the time of its conversion and the other of which represents recoverable pre-judgment "interest." See *Beaver v. Magid*, supra at 281-283. Thus, the erroneous denial of summary judgment as to interest has the effect of rendering the grant of summary judgment in favor of C&S *in the amount of $9,100* likewise erroneous because it is a lump sum award which does not include recoverable "interest." Accordingly, the proper disposition of the instant case is to affirm the grant of summary judgment in favor of C&S as to the Credit Union's *liability* for conversion of the automobile and to reverse both the grant of summary judgment in favor of C&S as to $9,100 *damages* and the denial of summary judgment in favor of C&S as to recoverable *"interest"* with direction that a new judgment be entered. Said new judgment shall make a lump sum award to C&S which includes both elements of the damages it has elected to recover and the evidence shows that it is entitled to receive.

*Judgment in Case No. 72698 affirmed in part and reversed in part with direction. Judgment in Case No. 72806 reversed with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 22, 1986.

*J. Tyler Tippett, Walter H. Hotz*, for appellant.
*Jay L. Strongwater, Larry Chesin, John J. Goger*, for appellee.