73550. SUNNYLAND EMPLOYEES' FEDERAL CREDIT UNION et al. v. FORT WAYNE MORTGAGE COMPANY.
(354 SE2d 645)

McMurray, Presiding Judge.

This appeal arises from the grant of a writ of possession of a mobile home. Ronnie and Patricia Hamilton purchased the mobile home in 1981 and their retail installment contract was assigned to plaintiff Fort Wayne Mortgage Company, whose security interest was evidenced on the certificates of title to the mobile home.

In 1984 the Hamiltons defaulted and Good Life Homes, Inc. ("Good Life"), a mobile home dealer, took possession of the mobile home on behalf of plaintiff. Plaintiff agreed to sell the mobile home to Good Life. Good Life paid plaintiff $1,000 as a down payment upon an agreed price of $10,000 and retained possession of the mobile home. Plaintiff agreed to transfer title to Good Life upon receiving the balance of the agreed price. Plaintiff never received further payment and retained the title certificates showing the Hamiltons as owners and plaintiff as holder of a security interest.

Good Life sold the mobile home to defendants Charles and Jeanette Lawhorn. Sunnyland Employees' Federal Credit Union financed the purchase. Good Life delivered the mobile home to the Lawhorns and gave them a bill of sale marked paid in full.

Good Life went out of business and was discharged under Chapter 11 of the Bankruptcy Act. Sunnyland, having intended to acquire a security interest, attempted to obtain the certificates of title from plaintiff.

Plaintiff filed a petition for writ of possession naming as defend-

ants the Lawhorns who were in possession of the mobile home. Plaintiff relied upon its possession of the certificates of title and its security interest indicated thereon. Sunnyland was allowed to intervene, alleging that plaintiff did not have a valid security interest in the mobile home and that it had a first security interest in the mobile home.

The case was submitted to the trial court on a stipulation as to the facts. The trial court found plaintiff's "first priority security interest in the mobile home is still in force and controlling," that the Lawhorns are owners of the mobile home, subject to plaintiff's security interest and that Sunnyland holds a second lien on the mobile home. As the obligation secured by plaintiff's security interest is in default the trial court granted plaintiff a writ of possession for the mobile home. Sunnyland appeals enumerating as error the trial court's conclusion that plaintiff held a first priority security interest in the mobile home and was entitled to possession thereof. *Held*:

Sunnyland contends that there was a completed sale of the mobile home by plaintiff to Good Life and argues that under the provisions of OCGA § 11-9-504 (1) and (4) plaintiff's security interest was discharged by the sale. However, the stipulated facts show that plaintiff and Good Life agreed that the title to the mobile home was to be transferred to Good Life only after it had paid plaintiff for the mobile home. Good Life did not complete payment for the mobile home and there was no transfer of the certificate of title or ownership interest to Good Life. See OCGA § 40-3-31 (d) and OCGA § 11-2-401 (2). Consequently, there was no discharge of plaintiff's perfected security interest. There was no need prior to the resale of the mobile home for plaintiff to secure a new certificate of title. See the last sentence of OCGA § 40-3-33 (b).

Alternatively, Sunnyland contends that the transaction is governed by OCGA § 11-2-403 (2) (3) which provides that: "(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business. (3) 'Entrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law." "Our court has interpreted these provisions as applicable only to *owners* of goods. *McConnell v. Barrett*, 154 Ga. App. 767, 769 (2) (270 SE2d 13) (1980). See also *Adams v. City National Bank & Trust Co.*, 565 P2d 26, 29 (1) (1977). Since [plaintiff] was not the owner of the [mobile home] it could not be the entruster and hence defendant's contention that the remedy provided by [OCGA § 11-2-403 (2) and (3)] applies is without merit." *United Car. Bank v. Sistrunk*, 158 Ga. App. 107, 109 (279 SE2d 272). The

trial court did not err in finding that plaintiff held a first priority security interest in the mobile home and was entitled to possession thereof.

*Judgment affirmed. Pope, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MARCH 2, 1987.

Harry Jay Altman II, V. Gail Lane, for appellants.

Laura E. Stevenson, George R. Lilly II, Douglas N. Campbell, for appellee.